No. 21,063.

W. W. DUBBS and A. L. DUBBS, *Appellees,* v. E. F. HAWORTH, as Executor of the Estate of TACY CAMPBELL, deceased, *Appellant.*

SYLLABUS BY THE COURT.

1. CONTRACT OF EMPLOYMENT — *Findings Not Inconsistent.*   There is neither literal nor positive inconsistency between a jury's finding that services performed for an elderly woman, since deceased, were to be paid for "after she was through with her property," and another finding of the jury that such payment was not to be made by a bequest in her will.

2. SAME — *Proof of Claim against · Estate — Sufficient Verification.*   Where, pursuant to a single contract, two persons jointly perform services for another person, since deceased, the affidavit of one of the persons performing the services is a sufficient verification or proof of claim to satisfy the statute (Gen. Stat. 1915, §§ 4572, 4573) relating to the presentation of demands against the estate of the deceased.

3. SAME — *Proof of Claim — Objections to Affidavit Too Indefinite — Waiver.*   Where an affidavit in support of a proof of claim against an estate is lacking in some of the recitals required by the statute, but the defendant's objection to the affidavit was too obscure to apprise the probate and district courts of the specific nature of the defect, the defect will be deemed waived, and it is too late to raise a specific objection to the verification for the first time on appeal.

4. SAME—*Proof of Claim—Amount Increased by Amendment.*   When parties who have jointly performed services for a person, since deceased, present their claim therefor against such person's estate, and are required to itemize their claim, there is no impropriety in their amending their claim to show a list of services performed by them, in

excess of the amount for which they demand payment, and they may rely for recovery of their limited demand upon the entire list of items which they were required to itemize and specify.

5. SAME—*Claim against Estate—Statute of Limitations.* Where two persons jointly performed services for another person, which services extended over a period of several years and were to be paid for by the recipient "after she was through with her property," a demand against the latter's estate after her death, if timely made, is not affected by the statute of limitations.

Appeal from Jewell district court; RICHARD M. PICKLER, judge. Opinion filed March 9, 1918. Affirmed.

*D. M. McCarthy, J. R. White,* both of Mankato, *I. M. Mahin,* and *F. W. Mahin,* both of Smith Center, for the appellant.

*W. R. Mitchell,* of Mankato, for the appellees.

The opinion of the court was delivered by·

DAWSON, J.:   W. W. Dubbs and A. L. Dubbs, husband and wife, filed in the probate court a claim against the estate of Tacy Campbell for services rendered by them to the latter in her lifetime, at her instance and request. This claim was only verified by Dubbs, the husband, and it was disallowed by the probate court on the ground—

"That the evidence is insufficient to constitute an oral contract between said claimants and said deceased."

The claimants appealed to the district court, where they prevailed. The jury made special findings of fact:

"Question Number 1: Did Tacy Campbell, deceased, agree with the plaintiffs, to pay them for the services for which they claim pay in this suit? Answer: Yes.

"Q. 2. If you answer question number one in the affirmative state when she made such an agreement? A. Before services were rendered.

. . . . . . . . . . .

"Q. 4. If you answer the question number one in the affirmative, state when she was to pay for such services. A. After she was through with her property.

"Q. 5. If you answer question number one in the affirmative, state whether or not such payment was to be made by a bequest in her will? A. No.

. . . . . . . . . . .

"Q. 8. Did Tacy Campbell at any time agree with Mrs. A. L. Dubbs to pay her for any services rendered by Mrs. Dubbs? A. Yes.

. . . . . . . . . . .

"Q. 11. If you answer question number one and eight in the affirm-

ative, state whether or not the plaintiffs voluntarily quit the service of Tacy Campbell in 1912? A. Yes."

Several errors are urged, which will be considered in the order presented.

It is urged that the special findings are inconsistent, particularly findings 4 and 5. There is no literal inconsistency. The evidence shows that at one time Mrs. Campbell made a will of all her property to the plaintiffs—some $40,000 in value —and that she later revoked that will. Mrs. Campbell doubtless believed she had a right to do so. She had not literally bound herself to pay the plaintiffs by some bequest or provision in her will. In revoking her will she took advantage of the literal terms of her bargain to pay "after she was through with her property." Thus it cannot be declared that there is a positive inconsistency between findings 4 and 5.

It is next urged that the plaintiffs' proof of claim was insufficiently verified. The claim was for the services of both husband and wife, and it was verified by the husband alone. Another defect urged is that the affidavit did not contain the recital prescribed by the statute, "stating to the best of his [affiant's] knowledge and belief he has given credit to the estate for all payments and offsets to which it [the estate] is entitled, and that the balance claimed is justly due." (Gen. Stat. 1915, § 4572.)

The proof of claim and the affidavit showed clearly that the services were rendered by both husband and wife, not that some of the services were rendered by the husband and some by the wife. Consequently, the affidavit of one of the parties presenting the claim was as potent as if the claim—the same claim—had been sworn to by both husband and wife.

Touching the want of the recitals in the affidavit which the statute requires, it does not appear that this defect was raised in the probate court, nor in the district court. There was, of course, the blind, stereotyped demurrer:

"That said proofs of claim and each of them failed to state matter and facts sufficient to constitute a cause of action or a proof of claim against the aforesaid estate."

And again—

"For the further reason claimants and plaintiffs are without legal capacity to sue on the amended proof of claim not being made and filed

according to law and being irregular, no service having been made upon the executor of above named estate."

The real objection in the probate and district courts to the proof of claim—the want of the statutory recitals in the affidavit—was shrouded and obscured in a cloud of words. The probate court based its judgment on the insufficiency of plaintiffs' evidence; and even the district court did not perceive what the defendant was driving at. What the defendant should have done was to point out the defect clearly, so that plaintiff might have had an opportunity to amend the affidavit. However, in the course of the trial both of the plaintiffs were on the witness stand, and all the facts, including those which the statute requires to be established by affidavit, were developed and proved by sworn testimony. In principle, the sworn evidence used in the trial ought to be held to answer every purpose of a preliminary affidavit filed with the claim. Moreover, it is too late to raise a question of the insufficiency of the verification for the first time on appeal. (*Emery v. Bennett*, 97 Kan. 490, 155 Pac. 1075; *Blair v. McQuary*, 100 Kan. 203, 206, 162 Pac. 1173, 164 Pac. 262.)

The next complaint of appellant relates to the form in which the claim was presented. Plaintiffs' first claim was on a lump sum of $600. They were required to amend by setting out the specific items upon which their claim was based. Plaintiffs complied by setting out a specific list of services covering a number of years and aggregating $1087. Plaintiffs were then required to elect on which of the items listed they would rely for a recovery, and they responded by electing to rely on all of them, notwithstanding their total demand was only for $600. Error is assigned on this, but it does not appear to be seriously objectionable. It is not required of a creditor that he shall demand the uttermost farthing which may be technically due him. He may be satisfied with less than his just due; and if, in fact, he honestly believes that more is due him than he is asking to be paid for, his debtor has no just complaint that the creditor, upon the debtor's request, specifies more items than the aggregate amount for which the creditor is insisting on payment. Modesty of demands is ordinarily a virtue, not a fault.

Still another point suggested is that the plaintiffs' claim was barred by the statute of limitations. We think not. The services performed by plaintiffs were not to be paid for until after Mrs. Campbell "was through with her property," and it does not appear how the statute affects their right of recovery under their contract, as established by the findings of the jury. (*Aiken v. Nogle,* 47 Kan. 96, 27 Pac. 102; *Heery v. Reed,* 80 Kan. 380, 102 Pac. 846; *Henshaw v. Smith,* ante p. 599.)

The record discloses no prejudicial error, and the judgment is affirmed.