No. 38,090

In the Matter of the Estate of GEORGE KRUSE, Deceased. ( GEORGE WOODS, Administrator, *Appellee,* v. GERTRUDE SCHRANDT and W. H. SCHRANDT, *Appellants.* )

(226 P. 2d 835)

Opinion filed January 27, 1951.

*Ralph H. Noah,* of Beloit, argued the cause, and *Thomas H. Conroy,* of Beloit, was with him on the briefs for the appellants.

*L. A. McNalley,* of Minneapolis, argued the cause, and *Evan Corman,* of Minneapolis, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PRICE, J.: The principal question in this case is whether claims against a decedent's estate were filed within the time provided by law.

George Kruse died intestate on July 16, 1947. On July 18, 1947, one of the appellant claimants filed a petition in the probate court for administration of his estate. An order for hearing was made, notice of such hearing was duly published, and on the date set therein, August 16, 1947, an order was made appointing one Hintleman as administrator, and he was ordered to file his bond in the amount of $2,000. He did not file a bond or take his oath of office. On August 18, 1947, two heirs-at-law of the deceased appeared and filed their motion to set aside his appointment, and for a continuance. No further proceedings were had until September 29, 1947, at which time these same two heirs-at-law moved for the appointment of an administrator of their own choosing. This motion was filed in the same case and file as the former petition.

On October 3, 1947, the two claims here in issue, aggregating $809.89, were filed with the probate court. No question as to their not being in proper form has ever been raised. Also on this date one Hartley filed his claim for funeral expenses in the amount of $288. This claim is not in issue.

On November 10, 1947, an order was made vacating the previous appointment of Hintleman and appointing one Woods as administrator. The latter qualified by filing his oath and bond, letters of administration were issued and his notice of appointment was first published on November 13, 1947.

On January 2, 1948, the administrator filed a verified petition for authority to sell real estate for the payment of debts. In this he alleged that the personal property in the estate amounted to about the sum of $342.85, and that the debts of the estate, exclusive of costs of administration, amounted to $1,097.89. Pursuant to court order the real estate was sold on February 5, 1948. Subsequently several additional claims, not here in issue, were filed. On June 3, 1948, Hartley filed a claim identical with the one previously filed by him on October 3, 1947. At no time did appellant claimants ever refile their claims.

On October 7, 1948, the matter of claims against the estate came

on for hearing and the court allowed all except the two here in issue. As to them the court found:

". . . that said claims were not filed in time and are not allowed."

From this order of disallowance claimants appealed to the district court. In that court the administrator, in a special appearance, moved:

". . . to dismiss this appeal for the reason that the claims . . . were not filed within the period required by law and are therefore void and of no effect."

This motion was sustained and the court's order recites:

"It is, therefore, by the court ordered, that the motion to dismiss be and the same is hereby sustained, and the claims of W. H. Schrandt and Gertrude Schrandt are hereby found not to have been filed within the period required by law and are void and of no effect."

It is from this ruling that claimants have appealed to this court, and the parties are in sharp dispute on three principal contentions.

Appellee administrator first contends the district court was without jurisdiction to entertain the appeal from the probate court on account of the failure to serve notice of the appeal upon all adverse parties.

Secondly, he contends the district court was without jurisdiction because the notice of appeal, proof of service thereof and the appeal bond were not filed in the probate court as provided by G. S. 1947 Supp. 59-2405.

And finally it is argued that even though it be held the appeal was properly taken it nevertheless was subject to dismissal for the reason that the files before the court showed on their face that the two claims in question were not filed within the time provided by G. S. 1947 Supp. 59-2239, and were therefore barred.

We will discuss these contentions in the order stated.

Section 2405, *supra*, provides:

"To render the appeal effective: (1) The appellant shall serve upon the adverse party or his attorney of record, or upon the probate judge for the adverse party, a written notice of appeal . . ."

The notice of appeal before us reads:

"In the Probate Court of Ottawa County, Kansas.

"In the Matter of the Estate of George Kruse, Deceased.

"Notice of Appeal.

"To: George Woods, Administrator; L. A. McNalley, Attorney for Administrator, and W. D. Lancaster, Probate Judge: . . ."

Service was acknowledged by the attorney for the administrator and by the probate judge. In addition, counsel for claimants executed an affidavit in proof of service of the notice upon the attorney for the administrator.

In support of his contention appellee administrator cites decisions to the effect that the right to appeal is statutory; that parties wishing to avail themselves of the right must comply with the provisions of the statute giving such right, and that notwithstanding such jurisdictional question was not raised in the court below this court on appeal is duty-bound to take note of the question. We concede that to be the rule.

It is further argued that the heirs-at-law of the deceased are adverse parties and they not having been served with the notice of appeal the statute was not complied with and thus the attempted appeal was of no effect.

We think appellee's interpretation of section 2405, *supra,* is too narrow. By its provisions notice could be served upon the adverse party or his attorney of record, or upon the probate judge for the adverse party. Here notice was served upon both the attorney for the administrator and the probate judge. It is true the notice did not specify the probate judge *for the adverse party*, but from the language of the statute it is difficult to ascertain any other legislative intent than that notice to the probate judge *is* notice to adverse parties. The notice before us is not limited or restricted in scope such as was the notice in *In re Estate of Demoret,* 169 Kan. 171, 176, 218 P. 2d 225, relied on by appellee. We think appellee's contention as to this point is without substantial merit and that the notice of appeal complied with the statute.

Passing now to the second contention, namely, that the district court was without jurisdiction because the notice of appeal, proof of service thereof and the appeal bond were not filed in the probate court as provided by section 2405, *supra,* we first pause to note that subsequent to the oral argument and submission of this cause in this court counsel for appellee furnished us with affidavits executed by the probate judge and the clerk of the district court tending to support his position. These, however, were no part of the record in the court below and will not be considered by this court on appeal. The lower court decided this case on the files and records of the probate court and the motion to dismiss heretofore referred to, and in so doing stated:

"The appeal is regular in form, but they were not filed in time."

The record before us, and which was before the district court, affirmatively shows that the appeal bond was approved by the probate court as provided by section 2405, *supra,* and nowhere is it shown that the notice of appeal, proof of service thereof and the appeal bond were *not* filed in the probate court. Under the circumstances, and in view of the record before us, including the specific finding by the court that the appeal was regular in form, we are not disposed to hold the appeal was not properly before the district court for any of the reasons advanced.

This brings us to what we consider to be the real issue in this case, namely, whether these claims were filed within the time provided by section 2239, *supra,* the pertinent portion of which reads:

"All demands, . . . against a decedent's estate, . . . not exhibited as required by this act within nine months after the date of the first published notice to creditors as herein provided, shall be forever barred from payment: . . ."

It will be recalled that death occurred on July 16, 1947; that two days later one of appellant claimants filed a petition for administration on the estate of the deceased; that on August 16, 1947, an order was made appointing Hintleman as administrator; that he failed to qualify; that on August 18, 1947, two heirs-at-law of the deceased moved to set aside his appointment and for a continuance; that on September 29, 1947, those two heirs-at-law moved for the appointment of an administrator of their own choosing; that the two claims here in issue were filed with the probate court on October 3, 1947, and that on November 10, 1947, the court vacated the previous appointment of Hintleman and appointed Woods, who qualified and first published his notice to creditors on November 13, 1947. Claimants did not refile their claims and the question thus squarely presented is whether a claim filed *subsequent* to the commencement of proceedings for the administration of an estate but *prior* to the date of the first published notice to creditors by the person who eventuall; was appointed and qualified as administrator, was filed in time within the meaning of the statute.

Appellee administrator contends the statute means a claimant cannot file his claim *prior* to the date of first publication of notice to creditors and must file it within nine months *after* that date.

Claimants argue the statute is one of limitation and merely means they had the right to file their claims any time after proceedings

for administration were commenced but not later than nine months subsequent to the date of the first published notice to creditors.

G. S. 1947 Supp. 59-2204 provides that:

"A probate proceeding may be commenced in the probate court by filing a petition and causing it to be set for hearing. . . ."

Here the petition seeking administration of the estate and the appointment of an administrator was filed on July 18, 1947. It was set for hearing and notice thereof was duly given. In due course a named individual was appointed administrator. But does the fact of his failure to qualify and the subsequent appointment and qualification of another person, all in the same case and file, mean that in the meantime a probate proceeding in this estate was not in existence and pending? We think not.

Were claimants·bound to wait until someone appointed as administrator had qualified and published his notice to creditors before filing their claims with the probate court?

It is to be borne in mind the probate code does not require that a claim be exhibited to or served upon the personal representative. G. S. 1947 Supp. 59-2237 provides that a person may exhibit his demands against an estate of a decedent by filing a petition for its allowance in the proper probate court and that it shall be considered duly exhibited from the date of such filing.

Appellee administrator cites a number of our decisions which inferentially seem to support his position. However, a close examination of each reveals a factual situation so different from that presently before us as to render them of little or no assistance. Apparently the precise question has never been before this court for determination.

Down through the years there have been a number of provisions in our law relative to the filing of claims against estates of deceased persons. Each has fixed a time limitation for filing. The legislative trend has been to shorten the time within which claims may be filed, with the obvious purpose of providing for more expeditious closing of estates to the end that the interests and rights of all parties concerned be definitely determined. We think that section 2239, *supra*, while designated as a "Nonclaim statute," is also clearly a statute of limitations. (See *Hurst v. Hammel*, 153 Kan. 827, 829, 113 P. 2d 1045, and *In re Estate of Brasfield*, 168 Kan. 376, 385, 214 P. 2d 305.) We are cited to numerous definitions of the word "within," and particularly to

*Salvation Army v. Watts,* 130 Kan. 714, 288 Pac. 764, where an express condition contained in a will was under consideration, but in our opinion the only reasonable and logical interpretation of the word as used in the statute is that it is a word of "limitation" and means a creditor must file his claim *not later* than nine months after the date of the first published notice to creditors.

Various other arguments and contentions are made by the parties, but in view of our conclusion need not be taken up and discussed. It is clear that here the claims in question were filed not later than nine months after the date of such first published notice and were therefore filed in time.

It therefore follows that the judgment of the district court is reversed with directions to remand the cause to the probate court for adjudication of the claims on their merits.

HARVEY, C. J., dissents from subsection (1) of paragraph 2 of the syllabus, and the corresponding portion of the opinion.