No. 40,941.

In the Matter of the Estate of Myrtle I. Waugh, Deceased. (THE STATE DEPARTMENT OF SOCIAL WELFARE, *Appellant,* v. RUTH HAGAN, Administratrix, and GORDON M. GOODWIN, *Appellees.*)

(325 P. 2d 38)

Opinion filed May 10, 1958.

J. A. Babicki, of Topeka, argued the cause, and *John Anderson, Jr.,* Attorney General, *Hart Workman, Charles V. Hamm,* and *Paul F. Casey,* all of Topeka, were with him on the brief for the appellant.

*Richard L. Becker,* of Coffeyville, argued the cause, and *Morris D. Hildreth,* of Coffeyville, was with him on the brief for the appellee, Gordon M. Goodwin.

*Dallas W. Knapp* and *Charles D. Knapp,* both of Coffeyville, were on the brief for the appellee, Ruth Hagan, administratrix.

The opinion of the court was delivered by

JACKSON, J.: The dispute in this appeal is between two claimants in the estate of Myrtle I. Waugh, deceased. The appellant State Department of Social Welfare had its claim for $1,948.73 allowed against the estate on June 27, 1956. This claim was based upon assistance furnished to decedent during her lifetime and was apparently allowed as a fourth class claim. The claim of appellee Gordon M. Goodwin for funeral expenses amounting to $637.30 was heard by the probate court on August 29, 1956, and $400.00 of the claim was allowed as a first class claim with the balance of $237.30 being allowed as a claim of the fourth class. It is said that appellant opposed the allowance of the entire claim of appellee as a claim of the first class on the ground that the estate herein was insolvent.

On September 13, 1956, appellee Goodwin filed his notice of appeal from the probate court to the district court from the order disallowing part of his claim as a claim of the first class. The pertinent part of said notice of appeal, as far as the questions now before this court reads:

"Now THEREFORE, this appellant, Gordon M. Goodwin, does hereby notify all persons concerned herein that he appeals from the order of the above entitled court entered on the 29th day of August, 1956, disallowing a portion of his claim, to-wit, $237.30 and interest as a claim of the first class and allowing said portion of his claim as a claim of the fourth class only. Take due notice thereof and govern yourselves accordingly.

(Signature of counsel.)

"ACKNOWLEDGMENT OF SERVICE

"The undersigned, the duly elected, qualified and acting Probate Judge of Montgomery County, Kansas, does hereby acknowledge service of the above and foregoing Notice of Appeal this 13th day of September, 1956, for the adverse parties thereto.

/s/ JAY W. SCOVEL,
Probate Judge-'pro tem.' "

The probate judge did not attempt to send notice of the taking of the appeal to any of the parties interested in the estate. On April 1, 1957, that day being the first day of the April term of the district court, Goodwin and the administratrix of the estate both appeared by their attorneys, and the Goodwin claim was set for trial in the district court on May 6, 1957. On May 6, the journal entry recites that Goodwin again appeared with his attorneys and

the administratrix was represented by her attorneys; that the case was reassigned for trial on May 10, 1957. On the last date, Goodwin and the administratrix being present as before, and there being no other appearances, Goodwin introduced his evidence. No other evidence was introduced, and the court allowed Goodwin's claim in the entire amount of $637.30, as a first class claim against the Waugh estate.

On June 3, 1957, the district court overruled a motion of the State Department of Social Welfare to set aside the judgment of the district court, and the Department of Social Welfare now appeals from the order as to that motion and from the judgment of the district court.

The appellant first attacks the propriety of the appeal taken from the probate court. Despite the argument of the appellant, the court is of the opinion that the appeal was entirely valid. There is no question but that the appeal was timely made. Further, G. S. 1949, 59-2405, provided that:

"To render the appeal effective: (1) The appellant shall serve upon the adverse party or his attorney of record, *or upon the probate judge for the adverse party*, a written notice of appeal . . ." (Italics supplied.)

It will be noticed that the legislature has not provided that the probate court shall have any duty to notify the adverse parties of the filing of the notice of appeal. Reasons which would discourage a probate judge from voluntarily assuming such a duty may be readily imagined. There is a duty imposed upon all counsel interested in an estate in the probate court to keep watch of the records of such an estate, and this same duty would seem to be applicable to counsel for the various departments of the state government.

Our recent decisions would seem to show clearly that the notice of appeal in the case at bar was correctly served (*In re Estate of Demoret*, 169 Kan. 171, 218 P. 2d 225; *In re Estate of Kruse*, 170 Kan. 429, 226 P. 2d 835; and *In re Estate of Freshour*, 177 Kan. 492, 280 P. 2d 642).

In this case, the notice was as follows:

"Gordon M. Goodwin, does hereby notify all persons concerned herein . . ."

The probate judge acknowledged service "for the adverse parties thereto." (See *supra*.)

The words "all persons concerned" would seem to be synonymous with "all adverse parties" as used in the statute.

The second ground urged by the appellant for the reversal of the judgment of the district court is that the "judgment was taken in default on a day other than the first day of the term of court when the appellee well knew and the record so shows that the State Department of Social Welfare was represented by an attorney." Appellant cites Rule 48 of this court (G. S. 1949, 60-3827). There would seem to be little merit in this contention. The case was regularly set for trial, evidence was introduced, and the administratrix of the estate was represented at the trial. It will be noticed that this court has held often that the administrator represents all of the creditors of the estate. (See *In re Estate of Brasfield*, 168 Kan. 376, 214 P. 2d 305; and *Richards v. Tiernan*, 150 Kan. 116, 91 P. 2d 22.)

The judgment of the district court is affirmed.