No. 41,501

In the Matter of the Estate of Minnie Patterson, Deceased. (W. W. CHANDLER, HOMER SHARPE, IRA E. CLINE and FRANK REYNOLDS, *Appellees,* v. DAVID AREL PATTERSON, a minor, by FLORENCE PATTERSON, the natural and legal guardian, *Appellant.*)

(340 P. 2d 369)

Opinion filed June 13, 1959.

*Harold Gibson,* of Lyons, and *Drew Hartnett,* of Salina, argued the cause and were on the briefs for appellant.

*Hal Alderman,* of Lyons, argued the cause, and was on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: The sole question presented is whether service of the notice of appeal from the probate court to the district court complied with the provisions of G. S. 1949, 59-2405.

On August 12, 1958, during the course of the administration of the decedent and trust estates of Minnie Patterson, deceased, the appellant, Florence Patterson, the mother and legal guardian of David Arel Patterson, a minor and devisee under the will of Minnie Patterson, filed her notice of appeal from the probate court to the district court, which, omitting the date and signatures, reads as follows:

"Notice of Appeal from Probate Court to District Court.

"To W. W. Chandler, Homer Sharpe, Ira E. Cline, Frank Reynolds, and to J. W. Warner, Probate Judge of Rice County, Kansas, *for all adverse parties:*

"You and each of you are hereby notified that Florence Patterson, the natural and legal guardian of David Arel Patterson, a minor, appeals to the District Court of Rice County, Kansas, from all orders, judgments, decrees, and decisions of the Probate Court of Rice County, Kansas, rendered in the above entitled matter on July 18, 1958, in which said court made its findings and from all orders made admitting said will to probate and the qualifications of said executors from all orders, judgments, decrees, and decisions of the Probate Court of Rice County, Kansas, since said dates." (Emphasis supplied.)

On the same day, counsel for the appellant served a copy of the notice of appeal upon the probate judge who personally acknowledged service as follows:

"Acknowledgment of Service of Notice of Appeal
by Attorney of Record.

"Receipt is hereby acknowledged of a true and correct copy of the foregoing notice of appeal delivered by appellant therein named to the undersigned Hal Alderman, not being in Rice County, Kansas, the same was sent registered United States Mail, attorney of record for W. W. Chandler, Homer Sharpe, Ira E. Cline and Frank Reynolds and J. W. Warner, Judge of the Probate Court of Rice County, Kansas, in the therein entitled matter."

In addition, and on the same day, counsel for appellant executed and filed an affidavit of proof of service of the notice of appeal upon the probate judge personally, and upon counsel of record for all adverse parties by mailing a copy of the notice of appeal by registered mail, but since counsel was absent from the state, he did not receive service of the notice until his return to Lyons on August 20, 1958.

Thereafter, the proceedings were duly certified by the probate judge to the district court. On October 1, 1958, the appellees, Homer Sharpe, W. W. Chandler, Ira E. Cline and Frank Reynolds, as executors and trustees of the Minnie Patterson estates, appeared specially and filed a motion to dismiss the appeal and to strike the transcript from the records of the district court for the reason that the appeal was not taken in compliance with the applicable statutes, and, therefore, the district court had no jurisdiction. The motion was sustained, the appeal was dismissed, and the matter remanded to the probate court. Hence, this appeal.

The perfection of an appeal from the probate court to the district court is a simple matter. G. S. 1949, 59-2405 provides the manner in clear and unambiguous terms, and reads in part:

"To render the appeal effective: (1) The appellant shall serve upon the adverse party *or* his attorney of record, *or* upon the probate judge for the adverse party, a written notice of appeal specifying the order, judgment, decree, or decision appealed from, and file such notice of appeal in the probate court with proof of service thereof verified by his affidavit. . . ." (Emphasis supplied.)

By the terms of the statute, service of the notice of appeal may be had by filing the notice in the probate court and serving it upon the probate judge for all adverse parties. However, the mere filing of the notice of appeal in the probate court and the marking it "filed" by the probate judge does not dispense with service of the notice upon him. Personal service can, of course, be had upon the adverse parties, or upon their attorney of record (*In re Estate of Kruse,* 170 Kan. 429, 432, 226 P. 2d 835; *In re Estate of Freshour,* 177 Kan. 492, 496, 280 P. 2d 642). See, also, *In re Estate of Demoret,* 169 Kan. 171, 180, 218 P. 2d 225. But, service upon all three is not required to perfect the appeal; proper service upon any one of the three named in the statute is sufficient.

Was the service of the notice of appeal in the instant case sufficient to perfect the appeal and confer jurisdiction upon the district court? We think it was. It is conceded that the notice of appeal was to all adverse parties who were named in the notice of appeal as well as to J. W. Warner, the probate judge of Rice county, Kansas, *for all adverse parties.* While the acknowledgment of service by the probate judge did not contain the words "for the adverse party," we do not think that omission fatal. The probate judge's acknowledgment of service was that,

"Receipt is hereby acknowledged of a true and correct copy of the foregoing notice of appeal delivered by appellant therein named to the undersigned . . . J. W. Warner, Judge of the Probate Court of Rice County, Kansas, in the therein entitled matter."

The notice of appeal and the acknowledgment of service were contained in one instrument, and this court is of the opinion that inasmuch as the notice of appeal was to the probate judge for all adverse parties, the acknowledgment of service by him of a true and correct copy of such notice "in the therein entitled matter" was service for all adverse parties to whom the notice of appeal was directed, and was sufficient to perfect the appeal to the district court.

In *In re Estate of Kruse,* supra, an analogous question was presented. In that case the notice of appeal was directed to a named individual as administrator, the named attorney for the administra-

tor, and to the probate judge. Service was had upon the attorney for the administrator and upon the probate judge. It was contended that certain heirs-at-law were adverse parties and that failure to serve them with notice rendered the appeal ineffective. In denying that contention, this court said:

"We think appellee's interpretation of section 2405, *supra,* is too narrow. By its provisions notice could be served upon the adverse party or his attorney of record, or upon the probate judge for the adverse party. Here notice was served upon both the attorney for the administrator and the probate judge. It is true the notice did not specify the probate judge *for the adverse party,* but from the language of the statute it is difficult to ascertain any other legislative intent than that notice to the probate judge *is* notice to adverse parties. . . . (l. c. 432.)

In the instant case service of the notice of appeal upon the probate judge *was* service for all adverse parties, and perfected the appeal.

It is unnecessary to discuss and decide the sufficiency of the proof of service upon the attorney of record for the adverse parties by registered mail, suffice it to say the acknowledgment of service by the probate judge dispensed with the necessity of proof of service (*Polzin v. National Cooperative Refinery Ass'n,* 180 Kan. 178, 302 P. 2d 1003).

The judgment of the district court is reversed with directions to reinstate the appeal and hear and determine the issues presented.

It is so ordered.