No. 42,395

In the Matter of the Estate of Frank D. Unruh, Deceased. (Isaac D. Dirks, et al., *Appellants,* v. Irene Goertz, et al., *Appelles.*)

(367 P. 2d 52)

Opinion filed December 9, 1961.

*Elmer Goering,* of Hutchinson, argued the cause and was on the briefs for appellants.

*J. Sidney Nye,* of Newton, argued the cause, and *Arnold C. Nye,* of Newton, and *John K. Bremyer* and *Jack O. Bowker,* of McPherson, were with him on the briefs for appellees.

The opinion of the court was delivered by

FATZER, J.: This appeal is from an order of the district court dismissing the appellants' appeal from an order of the probate court denying probate of the last will and testament of Frank D. Unruh, deceased. The appellants, devisees under the last will and testament of the decedent, timely filed their notice of appeal in the probate court, and the sole question presented is whether the notice of appeal and the service of that notice complied with the requisites of G. S. 1949, 59-2405 to confer jurisdiction upon the district court to hear the appeal.

The notice of appeal was addressed to fifty-five named heirs at law of the decedent as adverse parties, to the attorneys of record of four of them (the appellees), and also to,

"the Hon. Robert B. Booz, Probate Judge of McPherson County, Kansas, for the above named adverse parties if any and to Dora Pack, Probate Judge Pro Tem for the above adverse parties, and all other adverse parties if any, and to John K. Bremyer, administrator of the estate of Frank D. Unruh, deceased."

The notice of appeal and the acknowledgment of service were contained in one instrument. No attempt was made to serve the notice upon the adverse parties individually, or their attorneys of record, nor was the notice served upon Robert B. Booz individually as probate judge. It was served upon Dora Pack, probate judge pro tem, who acknowledged service in writing in the following manner:

"Received the within and foregoing Notice of Appeal and duplicate copy thereof this 31st day of December, 1959.

Dora Pack,
Probate Judge Pro Tem."

On March 15, 1960, the appellees, heirs at law of the decedent, but not devisees under his purported last will and testament, filed their joint motion to dismiss the appeal upon the following grounds:

"1. That the notice of appeal is insufficient and defective.

"2. That no proper notice of appeal was served upon the adverse parties in this case as provided by law.

"3. That no proper notice was served upon Robert B. Booz, Probate Judge of McPherson County, Kansas for all of the adverse parties.

"4. That no proper notice of appeal was served upon David Harms, an heir of said decedent and one of the adverse parties herein.

"5. That no proof of service of the notice of appeal was filed in the Probate Court."

On September 23, 1960, the appellees' motion was heard by the district court which sustained it, and denied the appellants' oral

and written application to permit showing of service of notice of appeal by affidavit. No evidence was introduced at the hearing of the motion, and both parties concede the notice of appeal omitted the name of one David Harms, an heir at law of the decedent and one of the adverse parties to the appellants' appeal. Also, that while the notice of appeal was addressed to Bertha Janzen, one of the decedent's sisters, it failed to name Jack O. Bowker, the duly appointed guardian *ad litem* for Bertha Janzen, an incompetent person.

In support of the district court's order dismissing the appeal, the appellees contend that when the appellants undertook to name all of the adverse parties in the notice of appeal which they concede failed to name David Harms and the guardian *ad litem* of Bertha Janzen, and since the notice of appeal to the probate judge and to the probate judge pro tem was specifically limited "for the above named adverse parties," and "for the above adverse parties," respectively, the inclusion thereafter of the separate phrase, "and all other adverse parties if any," was a complete nullity and did not comply with G. S. 1949, 59-2405. Further, that since the appellants selected their own alternative of naming specific, *but not all*, adverse parties, that is, omitting David Harms and the guardian *ad litem* for Bertha Janzen, they cannot deviate from such alternative by a general clause set off by separate punctuation which does not follow the precise and controlling language of the statute which reads: "the probate judge for the adverse party," and argue that the instant notice of appeal is controlled by *In re Estate of Demoret,* 169 Kan. 171, 218 P. 2d 225. In that case the notice of appeal was addressed to and served upon certain adverse parties. Service was also had upon the probate judge "for the adverse parties to whom this notice is addressed." The persons named in the notice of appeal did not include all of the adverse parties. It was held that the service of the notice upon the probate judge was not service upon those persons who were omitted because the service upon the probate judge was limited and restricted to the persons named therein and the district court acquired no jurisdiction over the attempted appeal from the probate court because of failure to serve notice on all adverse parties.

The perfection of an appeal from the probate court to the district court is a simple matter. The party making the appeal shall serve upon all adverse parties or their attorneys of record, or upon the

probate judge for the adverse parties a written notice of appeal specifying the judgment or decision appealed from, and make proper proof of service. (G. S. 1949, 59-2405.) It is not required that service be had upon all three to perfect the appeal; proper service upon any one of the three named is sufficient. (*In re Estate of Patterson*, 185 Kan. 135, 136, 340 P. 2d 369.)

Was the notice and proof of service sufficient in the instant case to confer jurisdiction upon the district court? We think it was. Referring to that part of the notice of appeal addressed to the probate judge, had it ended after the language "to the Hon. B. Booz, Probate Judge of McPherson County, Kansas, for the above named adverse parties if any" it would have been insufficient to confer jurisdiction upon the district court and would be controlled by *In re Estate of Demoret*, supra. That part of the notice was specifically restricted and limited to service upon Robert B. Booz, probate judge "for the above named adverse parties," and since it is conceded that the notice was not addressed to Robert Harms and to the guardian *ad litem* of Bertha Janzen, service would not have constituted notice to all of the adverse parties as required by the statute and would have been insufficient to confer jurisdiction upon the district court to hear the appeal. See, also, *In re Estate of Bergner*, 173 Kan. 582, 250 P. 2d 781. But, the notice of appeal did not stop there. It was also addressed "to Dora Pack, Probate Judge Pro Tem for the above adverse parties, and all other adverse parties if any." Contrary to appellees' contention, the clause referred to as a general clause set off by separate punctuation, that is, "and all other adverse parties if any," was a part of the notice of appeal addressed to Dora Pack, probate judge pro tem, and was sufficient to comply with the statute requiring service upon "the probate judge for the adverse party." (*In re Estate of Kruse*, 170 Kan. 429, 432, 226 P. 2d 835; *In re Estate of Waugh*, 183 Kan. 120, 122, 325 P. 2d 38.)

The acknowledgment of service signed by Dora Pack has been heretofore set forth, and the fact that the acknowledgment did not include the words "for the adverse parties," or "for all other adverse parties," or words of similar import, was not a fatal omission of the acknowledgment, nor did it render the service insufficient. In *In re Estate of Patterson*, supra, it was said:

"The notice of appeal and the acknowledgment of service were contained in one instrument, and this court is of the opinion that inasmuch as the notice of appeal was to the probate judge for all adverse parties, the acknowl-

edgment of service by him of a true and correct copy of such notice 'in the therein entitled matter' was service for all adverse parties to whom the notice of appeal was directed, and was sufficient to perfect the appeal to the district court." (l. c. 137.)

The appellees contend that because the notice of appeal was addressed to Robert B. Booz, he was required to acknowledge service of the notice of appeal individually as probate judge. We think the appellees' interpretation of the statute is too narrow. The probate judge may appoint a probate judge pro tem to act during his absence or his incapacity. (G. S. 1949, 59-203; *Price v. Gibson*, 165 Kan. 10, 16, 192 P. 2d 219; 1 Bartlett's Kansas Probate Law and Practice [Rev. ed.], §§ 50, 51, p. 45.) Hence, Dora Pack's acknowledgment of service of the notice of appeal was service upon the probate judge. (*In re Estate of Waugh*, supra.)

The appellees lastly argue that G. S. 1949, 59-2405 requires the appealing party to file in the probate court an affidavit that he has made proof of service of the notice of appeal upon one of the three persons named in the statute, and since the appellants concede they did not make and file an affidavit of proof of service, the acknowledgment of service by Dora Pack was insufficient to comply with the statute and did not constitute proper service of the notice of appeal. The point is not well taken. In *In re Estate of Patterson*, supra, the notice of appeal was served upon the probate judge who acknowledged service of such notice "in the therein entitled matter," which did not contain the words "for the adverse parties." It was held that the acknowledgment of service by the probate judge dispensed with the necessity of proof of service by affidavit under the statute, and *Polzin v. National Cooperative Refinery Ass'n*, 180 Kan. 178, 302 P. 2d 1003, was cited as controlling. In Polzin it was said:

". . . It is unnecessary for the party making the appeal to file proof of service by affidavit where service is acknowledged in writing since, in our opinion, the acknowledgment of service in writing constitutes a waiver of proof of service under the statute." (l. c. 179.)

That holding was re-examined and affirmed in *Thompson v. Groendyke Transport, Inc.*, 182 Kan. 616, 322 P. 2d 341; *Martin v. Forestry, Fish and Game Commission*, 185 Kan. 796, 347 P. 2d 276; *Nicolay v. Parker*, 185 Kan. 481, 482, 345 P. 2d 1013; *Krehbiel v. Juhnke*, 186 Kan. 514, 516, 351 P. 2d 206, and *National Reserve Life Ins. Co. v. Hand*, 188 Kan. 521, 363 P. 2d 447.

While it is true the Polzin case construed G. S. 1949, 60-3306

which relates to the manner of perfecting appeals to the supreme court in civil cases, we think the reasoning and holding there applicable to the construction of G. S. 1949, 59-2405 relating specifically to the perfecting of an appeal from the probate court to the district court. Each statute requires that service of the notice of appeal shall be proved by affidavit; the former provides that "proof of such service shall be made by affidavit," and the latter provides, "proof of service thereof verified by his affidavit." The affidavit is merely proof of notice and we think it no stronger than the acknowledgment of service by the attorney of record or the probate judge. We hold that where the probate judge acknowledges service of the notice of appeal in writing, as the record in this case indicates Dora Pack did, such acknowledgment constitutes a waiver of proof of service, and is sufficient to comply with the statute to perfect the appeal. (*In re Estate of Kruse,* supra; *In re Estate of Waugh,* supra; *In re Estate of Patterson,* supra.)

The judgment of the district court is reversed with directions to reinstate the appeal and hear and determine the issues presented. It is so ordered.