No. 43,416

In the Matter of the Estate of J. I. Wilkison, a/k/a John I. Wilkison, Deceased. VICTOR KOENIG, *Appellee*, v. JANICE WILKISON, Administratrix, and JANICE WILKISON, Sole Heir of the Estate of J. I. Wilkison, a/k/a John I. Wilkison, *Appellants*.

(387 P. 2d 152)

Opinion filed December 7, 1963.

*David H. Heilman,* of Council Grove, argued the cause and was on the brief for the appellants.

*William R. King,* of Junction City, argued the cause and *C. L. Hoover* and *Robert A. Schermerhorn,* both of Junction City, were with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This appeal arises out of a claim against a decedent's estate.

On June 29, 1960, an administratrix of the estate was appointed and qualified, and her statutory notice to creditors (G. S. 1949, 59-2236) was first published on July 1, 1960. On December 12, 1960, and well within the nine-months' nonclaim statute (G. S. 1949, 59-2239), claimant filed a verified demand against the estate based on an alleged indebtedness of decedent to claimant arising out of commissions on the sale of livestock.

The demand was attacked by the administratrix with a motion to make definite and certain. Pursuant thereto, claimant, after the expiration of nine months from July 1, 1960, filed an amended petition for the allowance of his demand—and which was not verified. The matter was eventually transferred to the district court for hearing and some question was raised concerning the fact the amended petition for allowance of demand was not verified. The court found such pleading to be defective in that respect and upon application being made therefor permitted claimant to file a second amended petition. Pursuant to that order claimant filed a second amended petition and it was verified.

The administratrix then moved to strike the second amended petition from the files, demurred orally thereto, and moved for judgment on the pleadings. The demurrer and motions were overruled, and the court's ruling is shown by the following excerpt from the journal entry:

"The court after hearing the argument of counsel and considering the pleadings filed in said action finds that the first petition for allowance of claim filed in the Probate Court by the claimant, Victor Koenig, did state a cause of action and in substance constituted a claim against the estate of J. I. Wilkison a/k/a John I. Wilkison, deceased; that subsequently said claimant filed a first amended petition for allowance of claim in said estate and this court at the pre-trial hearing heretofore held found that said first amended petition was not verified and did not within itself constitute a complete petition, but it was and is the holding of the Court that this did not within itself nullify the original petition which did in the opinion of this Court constitute and actually state a cause of action and claim against said estate; that claimant requested permission to verify the first amended petition and that request was granted and claimant did verify his first amended petition; that claimant at the pre-trail hearing requested permission to file his second amended petition which was duly verified and the Court finds that claimant should be permitted to file his second amended petition herein.

"The Court further finds that defendant's motion to strike the second amended petition for allowance of demand as appears on file herein, should be overruled and further finds that the demurrer to the second amended petition should be overruled, and further finds that defendant's motion for judgment on the pleadings should be overruled."

From this ruling the administratrix has appealed.

It is contended by the administratrix that, notwithstanding the fact the original petition for allowance of demand was filed within the nine-months' period allowed by statute, it, for practical purposes, is to be eliminated from consideration, and the first amended petition, being unverified and being filed after the expiration of the period provided by the nonclaim statute, was not subject to amendment and therefore claimant did not have on file within the time permitted by statute a legally sufficient demand.

We believe the contention is without merit and will state our reasons very briefly.

G. S. 1949, 59-2201, provides that every application in a probate proceeding shall be by petition signed and verified by or on behalf of the petitioner, and that no defect in form shall impair substantial rights. When this matter was transferred to the district court that tribunal was authorized to require pleadings to be filed or amended (G. S. 1949, 59-2408) as though it had had original jurisdiction of

the matter. Under the broad power given by G. S. 1949, 60-759, the court was authorized to permit the amendment of the first amended petition by verification. Examination of the original petition which was filed within the statutory time for filing claims establishes that it fully apprised the administratrix of the facts and nature of the claim against the estate. The two amended petitions were merely an enlargement and amplification of the original petition, and all were based upon the same claim for relief. The findings and rulings of the trial court, above quoted, were, under the facts and circumstances, correct. As bearing on the general principles involved see *Roberts v. Setty*, 154 Kan. 505, 119 P. 2d 539, and *In re Estate of Shirk*, 186 Kan. 311, syl. 3, 350 P. 2d 1.

We find no error in the record and the orders appealed from are affirmed.