No. 45,295

In the Matter of the Estate of Charles W. Shaffer, Also Known as Charles Wilmer Shaffer and C. W. Shaffer, Deceased. (FLORENCE E. MAHONEY and IRENE E. MILLS, Co-Administratrices of the Estate of Lutie M. Sawhill, Deceased, *Appellants,* v. HELEN M. HOLLAND and WILMER R. SHAFFER, Co-Administrators of the Estate of Charles W. Shaffer, Deceased, *Appellees.*)

(454 P. 2d 1)

Opinion filed April 28, 1969.

*Tom C. Triplett,* of Wichita, argued the cause, and *George B. Collins, Robert Martin, K. W. Pringle, Jr., William F. Schell, Robert M. Collins, William*

L. Oliver, Jr. and *William V. Crank*, all of Wichita, and *Thomas M. Burns* and *Peter J. Wall*, of Denver, Colorado, were with him on the brief for the appellants.

*Michael S. Holland*, of Russell, argued the cause, and *Herbert N. Holland*, also of Russell, was with him on the brief for the appellees.

The opinion of the court was delivered by

FONTRON, J.: This appeal stems from an order of the District Court of Russell County, Kansas, dismissing a petition for the allowance of demand filed in probate court against the estate of Charles W. Shaffer and denying a motion for leave to file an amended petition.

Mr. Shaffer died March 1, 1966. On March 15, 1966, Helen M. Holland and Wilmer R. Shaffer, the decedent's sole and only heirs, were appointed joint administrators of his estate, and published notice of appointment two days later. On November 18, 1966, some eight months thereafter, an unverified petition for allowance of demand was filed by Irene E. Mills and Florence E. Mahoney, as co-administratrices of the Lutie M. Sawhill estate, seeking specific performance of a contract for the purchase of real estate allegedly made by Mrs. Sawhill and Mr. Charles W. Shaffer during their lifetimes. Notice of filing the petition was served by mail on Mrs. Holland, on Mr. Wilmer R. Shaffer, and upon their attorneys, Holland and Holland. For convenience, we shall refer herein to Mesdames Mills and Mahoney as claimants or plaintiffs, and to Mrs. Holland and Mr. Shaffer as defendants.

For reasons not disclosed by the record the claimants' petition lay dormant in probate court until September 27, 1967, at which time it was heard. In the meantime, and on September 21, 1967, answers were filed by the defendants, in both their individual and representative capacities, denying the allegations of the petition, setting up certain defenses and alleging that the petition failed to comply with statutory requirements. On the day of trial, identical motions to strike the plaintiffs' petition were filed by the defendants, predicated on two grounds: (1) Failure to state a cause of action, and (2) failure to comply with statutory requirements for filing claims.

Following the probate court hearing, briefs were filed and on October 6, 1967, that court disallowed the claim and sustained the motions to strike on the sole ground that the petition was not verified as required by K. S. A. 59-2201. Shortly thereafter the plaintiffs appealed to district court where they were met by a mo-

tion to dismiss the appeal for a variety of reasons. Subsequently, and on December 6, 1967, the plaintiffs filed a motion in district court for leave to file an amended allowance of demand, and accompanied their motion with an amended petition which had been duly verified.

A hearing was held in district court on December 11, 1967, which resulted (1) in the dismissal of the plaintiffs' petition for allowance of demand and (2) in the denial of plaintiffs' motion for leave to amend. The action of the district court was based essentially on findings that the petition was not verified as required by statute and that the appeal from probate court had not been properly effected. As previously indicated, the plaintiffs have appealed.

The plaintiffs' first challenge is directed against the trial court's finding that no valid claim was filed within the time required by the nonclaim statute. (K. S. A. 59-2239.) This finding was predicated on the claimant's failure to verify their original petition. The trial court's view of the matter is reflected in its Finding No. 5, which reads:

"A verification is an affidavit verifying the truth of statements made in the petition and is a separate instrument, although it may be typed following the end of the petition. It is not a part of the form of the petition and its absence is not a defect of form. The verification is essential to the 'application in a probate proceeding,' just as a petition and signing thereof are essential to such application."

After arriving at this conclusion the trial court proceeded to rule that "the motion of the [plaintiffs] for leave to file an amended petition is now moot." In our judgment the trial court erred both in finding that no valid claim had been filed within the statutory time and in concluding that plaintiffs' motion for leave to amend was moot.

K. S. A. 59-2201, on which the defendants have relied in defense of the plaintiffs' claim, provides as follows:

"Every application in a probate proceeding, unless made during a hearing or trial, shall be by petition signed and verified by or on behalf of the petitioner. No defect in form shall impair substantial rights; and no defect in the statement of jurisdictional facts actually existing shall invalidate any proceedings."

This court has held that the failure to verify a pleading which, by statute, is required to be verified does not constitute a jurisdictional defect. In *Patterson v. Patterson,* 164 Kan. 501, 190 P. 2d 887, the plaintiff filed a motion to vacate as void, a judgment of divorce

granted her husband on his unverified cross-petition some thirteen years before. This court held the judgment was not void even though the cross-petition was required by statute to be verified. In deciding that the trial court had erred in vacating the judgment, the court declared:

". . . it has been repeatedly held that an imperfect verification, or a lack of verification, does not oust the court of jurisdiction. . . ." (p. 504.)

In *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220, it was held that an improper verification of a petition for divorce was voidable at best and was subject to amendment which would relate back to the date of the original petition.

While both the Patterson and Pulliam cases were governed by the code of civil procedure rather than by the probate code, the legal principles involved in applying the provisions of the two codes are not in conflict, nor is any distinction to be drawn between the rules of law relating to matters of jurisdiction, regardless of which code is being considered. The same legal philosophy with respect to statutory construction and interpretation is germane to both codes.

A later case concerning the same subject matter, *In re Wilkinson.* 192 Kan. 285, 387 P. 2d 152, involved a claim filed against a decedent's estate. In this case, a verified claim was filed in probate court within the nine months permitted by the nonclaim statute. After the time for filing had expired, an amended unverified petition was filed. The case was subsequently transferred to district court, where the first amended pleading was found to be defective for want of verification, and the district court permitted a second amended petition to be filed—which was verified.

The administratrix of the estate contended that the original petition, being superseded by the first amended petition, had been eliminated for all practical purposes, and that the first amended pleading, being unverified, was not subject to further amendment. Therefore, it was argued, the claimant had no petition whatever on file within the time permitted by statute. In rejecting that argument this court said:

"G. S. 1949, 59-2201, provides that every application in a probate proceeding shall be by petition signed and verified by or on behalf of the petitioner, *and that no defect in form shall impair substantial rights.* When this matter was transferred to the district court that tribunal was authorized to require pleadings to be filed or amended (G. S. 1949, 59-2408) as though it had

original jurisdiction of the matter. Under the broad power given by G. S. 1949, 60-759, *the court was authorized to permit the amendment of the first amended petition by verification.* Examination of the original petition which was filed within the statutory time for filing claims establishes that it fully apprised the administratrix of the facts and nature of the claim against the estate. The two amended petitions were merely an enlargement and amplification of the original petition, and all were based upon the same claim for relief. . . ." (Emphasis supplied.) (pp. 286, 287.)

The rationale which undergirds the foregoing decisions is in complete harmony with the modern view followed in many, if not most, jurisdictions. In 1A Barron and Holtzoff, Federal Practice and Procedure, § 333, pp. 270, 271, the authors say:

". . . The trend of enlightened opinion is away from 'the all too barren formality of an oath to pleadings' . . ." (quoting Clark, Simplified Pleadings, 1942, 2 F. R. D. 456, 463.)

. . . . . . . . . . . . . . .

"Even if the statute requires verification, the filing of an unverified complaint will commence the action so as to toll the statute of limitations. Despite the requirement of verification, the law is definite and well settled that any objections to lack of verification must be raised immediately or not at all. Imperfect verification of a pleading is not a jurisdictional defect and is amendable under Rule 15."

A federal case, *In re Royal Circle of Friends Bldg. Corporation,* 159 F. 2d 539, is cited by Barron and Holtzoff in support of the foregoing text. In that case, the United States Circuit Court of Appeals, for the 7th Circuit, stated:

"We conclude that the requirement of verification is not jurisdictional in the strict sense. . . ." (p. 541.)

The general rule appears well stated in 41 Am. Jur., Pleading, § 279, p. 483, in this language:

"With the object of securing good faith in the averments of a party, modern codes under the reformed system of procedure contain provisions requiring the verification of pleadings. The verification, however, constitutes no part of a pleading, unless it is otherwise contemplated by statute, and is not ordinarily necessary to vest jurisdiction in the courts."

Cases from numerous jurisdictions announce adherence to this rule. In *Board of Education v. Mulcahy,* 50 C. A. 2d 418, 123 P. 2d 114, the California court spoke in these words:

". . . While it is true that in certain actions, such as to quiet title, and practically all special proceedings, the law requires the complaint or petition to be verified, it is the established rule that failure to do so constitutes only a defect in pleading not affecting the jurisdiction of the court . . ." (p. 423.)

In adjudicating the same issue in *Dean et al v. First Nat'l Bank et al.,* 217 Or. 340, 341 P. 2d 512, the Oregon Supreme Court said:

"We have before said that a verification is merely a formal matter and described a want of a proper verification as a mere irregularity. . . ." (p. 349.)

A recent case from New Jersey, *Preparatory Temple, etc. v. Seery,* 81 N. J. Super. 429, 195 A. 2d 900, involved an *in rem* tax foreclosure action in which a judgment of foreclosure had been entered against the property owner despite the fact that the complaint had not been verified. In holding the requirement of verification was directional only, the court declared:

". . . It is a purely procedural direction which is formal but does not go to the essence of the law with regard to requirements for jurisdiction of the courts. The plaintiff has received no lesser day in court, and has not shown to the satisfaction of the court that he has been in any way prejudiced or harmed by the omission . . ." (pp. 433, 434.)

(See, also, *People ex rel. N. Y. City Omnibus Corp. v. Miller,* 282 N. Y. 5, 24 N. E. 2d 722; *Jacobs et al. v. Allister,* 122 N. Y. S. 2d 826; *Crist v. Tallman,* 190 Iowa 1248, 179 N. W. 522; *Wise v. Outtrim,* 139 Iowa 192, 117 N. W. 264, 130 Am. St. Rep. 301; *Gregerson v. Collins,* 80 Nev. 452, 396 P. 2d 27; 71 C. J. S., Pleading § 345, pp. 744, 745.)

It must be conceded that this court, under early decisions, has held that an unverified petition filed pursuant to K. S. A. 59-2201 is subject to a motion to strike. (*Warner v. Warner,* 11 Kan. 121; *Clawson v. McCune's Adm'r.,* 20 Kan. 337.) However, we have never held nor do we now view an unverified petition to be a nullity, defying amendment. The prevailing rule in this respect is set forth in 41 Am. Jur., Pleading, § 286, p. 487:

"Pleadings are ordinarily signed and verified prior to their filing. But a failure properly to verify a pleading may ordinarily be remedied thereafter. Thus, statutes permitting amendments have been held to be sufficiently broad to permit a pleading, defectively verified, to be verified in open court at the trial. . . ."

This principle was recognized in *Kimel, Executor, v. Briggs,* 183 Kan. 315, 328 P. 2d 746, where the district court had granted the defendant leave to verify his answer and had overruled the plaintiffs' motion for judgment on the pleadings. In dismissing an appeal taken from those rulings, this court observed that "the record did not disclose whether the defendant complied by filing the verification. Presumably the defendant may still comply." Further

recognition of the rule is found in *Dubbs v. Haworth,* 102 Kan. 603, 171 Pac. 624, where it was held that the failure to verify a claim filed in probate court is a defect which may be waived.

Moreover, the view is generally held that when an amendment is made, it dates back to the time of the original petition. (*Pulliam v. Pulliam,* supra.) The rule is phrased in 71 C. J. S., Pleading, § 358, p. 761, in this fashion:

"The verification of a complaint, as well as the complaint itself, speaks as of the time when the action was commenced by filing the complaint. It is sufficient if it was then true."

The same principle finds expression in *Dean et al. v. First Nat'l Bank et al.,* supra, at pages 349, 350:

"The verification of a complaint speaks as of the time when the action was commenced by filing the complaint or petition and is sufficient if it was then true. . . .

". . . But the verification does not constitute any part of the pleadings and cannot render it defective. 1 Bancroft, Code Pleading, 716 § 500. It adds no allegation. It tenders no issue. It is, as we have said, a formal matter, the omission or imperfection of which does not rise above the status of a mere irregularity that may be waived or cured by amendment. Its defects do not vitiate jurisdiction. . . ."

Our conclusion is that verification of a petition under K. S. A. 59-2201 is not a prerequisite to its being filed, but is a matter of form which falls under the aegis of that part of the statute providing that "no defect in form shall impair substantial rights." We further conclude that the claimants' motion for leave to file an amended petition was not moot but should have been considered and ruled on by the trial court in the exercise of its judicial discretion.

We now turn to the procedural aspects of the appeal from the probate court to district court. Three grounds of deficiency were listed by the trial court, none of which appear meritorious. Those grounds are:

First, that the appeal was not taken in time. The record shows that while the hearing in probate court was September 27, 1967, the judgment was not made until October 6, 1967. Notice of appeal was filed October 12, and bond was filed on November 2, 1967. The appeal was thus perfected within the required 30 days from date of judgment.

Second, that the bond was not approved. No specific approval is shown of record, but bond was provided in response to a letter from the probate judge setting the amount of the bond and outlining its

requirements. The bond was returned to the probate judge and filed by him. The judge's acceptance and filing of the bond indicates tacit approval on his part, at least in the absence of evidence to the contrary.

Third, that notice of appeal was not properly served. The record discloses that service of notice was had both on the probate judge and on the attorneys for the defendants. This court has previously held that service either upon opposing counsel of record, or upon the probate judge, was sufficient under the provisions of G. S. 1949 (now K. S. A.) 59-2405. (*In re Estate of Kruse*, 170 Kan. 429, 226 P. 2d 835; *In re Estate of Waugh*, 183 Kan. 120, 325 P. 2d 38; *In re Estate of Patterson*, 185 Kan. 135, 340 P. 2d 369.) Both methods of service appear to have been accomplished in this appeal.

Other matters mentioned in the brief of the defendants have not been overlooked but are not deemed to warrant further discussion.

The disposition of this appeal has caused some scratching of heads. It is familiar law that a motion for leave to file an amended petition is addressed to the sound judicial discretion of the trial court (See 4 Hatcher's Kansas Digest [Rev. Ed.] Pleading, § 122.) and this court may not direct the manner of its exercise. However, as we have heretofore pointed out, the motion for leave to file an amended petition in this case was not moot, and it is our opinion that the plaintiffs were, and are now, entitled to have the trial court rule thereon in the exercise of its judicial discretion.

To this very date the trial court has not made a ruling on the basis of its discretionary power, for its action was predicated on other grounds. As a consequence, the plaintiffs have never received the benefit of the trial court's exercise of discretion in its consideration of their motion.

We believe the pattern for disposing of this appeal is provided by *In re Royal Circle of Friends Bldg. Corporation*, supra, a case which closely parallels the instant action. The appellate court remanded that case to permit the district court to exercise its discretion in allowing or not allowing the petitioners to verify their amended petition. This action accords with what was said by this tribunal in *Dubbs v. Haworth*, supra, where, on appeal, the administratrix contended that a claim filed against the estate was defectively verified. In pointing out that this issue had not clearly been raised below, the court announced:

". . . What the defendant should have done was to point out the defect clearly, *so that plaintiff might have had an opportunity to amend the affidavit. . . .*" (Emphasis supplied.) (p. 606.)

The judgment of the court below is reversed and this cause is remanded with directions that the order of December 11, 1967, dismissing plaintiffs' petition for allowance of demand and denying, as moot, their motion for leave to file an amended petition, be set aside, and it is further directed that plantiffs' motion for leave to file an amended petition be reinstated and that the trial court rule thereon as to allowance or disallowance in the exercise of its sound judicial discretion.