(June 11, 1913.)

## H. E. McELROY, Administrator, Respondent, v. MAMIE L. WHITNEY, Administratrix, Appellant.

### [133 Pac. 118.]

APPEAL—MOTION TO DISMISS—FORM OF JUDGMENT—CONSTRUCTION OF STATUTE.

1. Under the provisions of sec. 5474, Rev. Codes, a judgment rendered against an executor or administrator upon a claim for money against the estate of his testator or intestate only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the probate judge, and the judgment must be that the executor or administrator pay in due course of administration the amount ascertained to be due.

2. Where a judgment was entered on the first day of May, 1912, and no appeal was taken therefrom within sixty days from the entry thereof, under the provisions of sec. 4807, Rev. Codes, as amended by Session Laws 1911, p. 367, and thereafter, on the 26th day of October, 1912, said judgment was amended by adding thereto the following words, "and that said judgment be paid in due course of administration of the estate of W. G. Whitney, deceased," an appeal taken from such judgment on December 21st, 1912, is too late to have said judgment reviewed on appeal, so far as any errors are concerned alleged to have been made during the trial of said cause, as said amendment made no change in the amount or effect of said judgment.

3. *Held,* that without such amendment said judgment must be "paid in due course of administration," as provided by said sec. 5474.

4. An order made after a final judgment is an appealable order.

APPEAL from the District Court of the Third Judicial District, in and for Ada County. Hon. Carl A. Davis, Judge.

Action to recover from an administratrix of the estate of a deceased person. Judgment for plaintiff. Motion to dismiss appeal sustained and judgment *affirmed.*

N. M. Ruick and B. W. Oppenheim, for Appellant.

"The modification of a judgment resulting from a new trial is in effect a new judgment, and an appeal may be taken from

the entry of the modified judgment as from the original.'' (Citing *Mann v. Haley,* 45 Cal. 63; 2 Hayne on New Trial and Appeal, Rev. ed., p. 1085, sec. 204.) The same rule applies to amended judgments generally.

Even when a judgment has been entered *nunc pro tunc* as of a prior date, the time to appeal begins to run from the date of the actual entry. (Hayne, New Trial and Appeal, p. 1093, sec. 205; *Spences v. Troutt,* 133 Cal. 605, 65 Pac. 1083; *Bixby v. Bent,* 59 Cal. 522; *Hayes v. Silver Creek etc. Co.,* 136 Cal. 238, 68 Pac. 704; *In re Potter's Estate,* 141 Cal. 350, 424, 74 Pac. 986, 75 Pac. 850.)

If the failure to enter proper judgment in the case at bar resulted from a clerical misprision, counsel would doubtless have requested a *nunc pro tunc* order. That they did not do so is, we hold, an admission that the error was a substantial one, to be corrected by an application to the court pursuant to sec. 4229 of the codes. (*Leonis v. Leffingwell,* 126 Cal. 369, 58 Pac. 940.)

The effect of the judgment is only to establish the claim in the same manner as if it had been allowed by the executor. (*Beckett v. Selover,* 7 Cal. 215, 229, 68 Am. Dec. 237.)

It is plain from the reading of the statute that the provision relative to payment in due course of administration is an essential part of the judgment, and that a judgment which omits this direction will be modified on appeal, and this is the method adopted in nearly every reported case. (*Vance v. Smith,* 124 Cal. 219, 56 Pac. 1031; *Moore v. Russell,* 133 Cal. 297, 85 Am. St. 166, 65 Pac. 624.)

Martin & Martin and H. E. McElroy, for Respondent.

If the judgment entered on May 1, 1912, was the final judgment in this action, then it is clear that this appeal should have been taken within sixty days after said date. The motion to correct the judgment was not pending during that time, and might have been made years afterward.

This correction was not one for the purpose of revising and changing the judgment. It was merely a correction to make

the judgment conform to the record. (*Estate· of Schroeder,* 46 Cal. 316.)

In the case at bar the amendment was made by the court from the record itself. No new evidence was taken. The court in this action simply added the words to the judgment to make a technical compliance with the statute in regard to the matter. It is even doubtful whether the judgment needed to be amended, and the correction was secured merely to remove any question. (*Racouillat v. Sansevain,* 32 Cal. 376; *Scammon v. Bonslett,* 118 Cal. 93, 62 Am. St. 226, 50 Pac. 272; *People v. Greene,* 74 Cal. 400, 5 Am. St. 448, 16 Pac. 197; *Hegeler v. Henckell,* 27 Cal. 497; *Bostwick v. McEvoy,* 62 Cal. 502; *Wharton v. Harlan,* 68 Cal. 422, 9 Pac. 727; *Dreyfuss v. Tompkins,* 67 Cal. 339, 7 Pac. 732.)

In the last case the appeal was taken from the order allowing the correction. The court entertained without question such appeal. (See, also, *Dahlstrom v. Portland Min. Co.,* 12 Ida. 87, 85 Pac. 916; *Slade v. Burton,* 28 N. C. (6 Ired.) 207.)

"While the judgment was against the administrators, as such, the judgment failed to give the statutory direction, that it should be paid in the course of administration." (*Vance v. Smith,* 124 Cal. 219, 56 Pac. 1031.) And the court said that those words should be added by the trial court, and ordered such addition to be made from the record in the case. (See, also, *In re Willard's Estate,* 139 Cal. 504, 73 Pac. 240, 64 L. R. A. 554; *Fay v. Stubenrauch,* 141 Cal. 575, 75 Pac. 174; *Barton v. South Jordan etc. Inst.,* 10 Utah, 346, 37 Pac. 576.)

SULLIVAN, J.—This is an appeal from a modified or corrected judgment rendered and entered on the 26th of October, 1912. The original judgment was entered on the first day of May, 1912, in favor of the respondent, as administrator of the estate of John G. Whitney and against Mamie L. Whitney, as administratrix of the estate of W. G. Whitney, deceased, for the sum of $11,034.07. On October 9, 1912, Hugh E. McElroy, as administrator, moved to have said judgment

amended by adding thereto the following: ''And that said judgment be paid in due course of administration of the said estate of W. G. Whitney, deceased.'' Notice of said motion was properly served on counsel for the appellant and a hearing thereof was had before the court on October 26, 1912, and said motion granted and the court directed the clerk to make said amendment by interlineation, which was accordingly done and the clerk added to the last sentence of said judgment the following words: ''And that said judgment be paid in due course of administration of the said estate of W. G. Whitney, deceased.''

This case was before this court on a former appeal, and the judgment reversed and the cause remanded for further proceedings. (See *McElroy v. Whitney*, 12 Ida. 512, 88 Pac. 349.)

*In limine*, a motion was made to dismiss this appeal and to strike out certain portions of the transcript. The ground of the motion to dismiss the appeal is that the appeal was not taken within the time provided by law, to wit, within sixty days after the rendition of judgment.

The judgment as entered on the first day of May, 1912, provided as follows: ''That the plaintiff, Hugh E. McElroy, as administrator of the estate of John G. Whitney, deceased. do have and recover of and from the said defendant, Mamie L. Whitney, as administratrix of the estate of W. G. Whitney, deceased, the sum of $11,034.07, and his costs and disbursements incurred herein, taxed at $731.15.''

This is a judgment in favor of an administrator against an administratrix. The judgment is not against Mamie L. Whitney individually or personally, but against her as administratrix of the estate of W. G. Whitney, deceased. Under the provisions of sec. 5474, Rev. Codes, a judgment rendered against an executor or administrator upon any claim for money against the estate of his testator or intestate only establishes the claim in the same manner as if it had been allowed by the executor or administrator and the probate judge, and the judgment must be that the executor or administrator pay in due course of administration the amount ascertained

to be due. Out of an abundance of caution, we suppose, counsel for respondent moved to have said judgment amended as above stated. This addition or amendment did not in any manner change or affect said judgment or the parties thereto, for said judgment as entered on the first of May was required to be "paid in due course of administration" under the provisions of said sec. 5474. That section of the statute became a part of the judgment without inserting it therein. The judgment entered in said case had remained a valid judgment without any change or modification up to October 26, 1912, and no appeal had been taken therefrom; and became final. Sec. 4807, Rev. Codes, as amended by Session Laws of 1911, p. 367, fixes the time within which an appeal may be taken from a final judgment in an action commenced in the court in which the same is rendered at sixty days after the entry of such judgment, and as said amendment to said judgment made on October 26, 1912, did not in any manner affect or change said judgment, this appeal from the judgment taken on December 21, 1912, nearly seven months after the entry of the final judgment, is too late and the motion to dismiss must be sustained.

The judgment entered on May 1, 1912, was the final judgment in this action, and the amendment merely a correction, which was in fact not necessary to make the judgment conform to said provisions of the statute. In other words, the amendment in no manner changed the judgment or its effect, and it was not made for the purpose of changing or revising said judgment. The court on said motion simply incorporated the words of the statute which were in fact a part of the judgment without such incorporation.

In *Racouillat v. Sansevain*, 32 Cal. 376, the court said:

"As against Requena, executor, the judgment is not technically in proper form. It should be that he 'pay in due course of administration' the amount found to be due from the estate of Vigues (Prob. Act, sec. 140). The form is that the plaintiffs do have and recover 'against Manuel Requena, as executor of the last will and testament of J. L. Vigues, deceased, the sum of,' etc. Perhaps though not in the form

prescribed by the statute, the legal effect may be the same, and possibly, under the law, the plaintiffs may not be authorized to enforce the judgment against the property of Requena. To avoid any doubt, the judgment had better be corrected. This may be done by adding at the end of the judgment the words: 'And it is ordered and adjudged that the said Requena, executor, pay the said sums in due course of administration.' ''

The judgment in the case at bar was a money judgment, and the amount of the judgment, interest and costs, was the same when it was rendered on May 1st as it was when said amendment was made on October 26th.

Every question that it was possible to review on an appeal could have been reviewed on an appeal from the judgment entered May 1st, except the question as to whether the court erred in allowing said amendment, and if it had been desired to present any of the questions that could be raised on an appeal from said judgment of May 1st, an appeal should have been taken from that judgment, and if the appellant had desired to contest the action of the court in granting said amendment to the judgment, she should have appealed from that order and not from the judgment itself. (Subd. 3, sec. 4807, Rev. Codes.)

However, since a large sum of money is involved in this case, we have gone through the record and the briefs with a view of ascertaining whether the record contained any reversible error, and from said examination we are satisfied that there is no error in the record that would justify a reversal of the judgment.

For the foregoing reasons the appeal is dismissed. Costs are awarded to the respondent.

Ailshie, C. J., concurs.

Stewart, J., did not sit at the hearing or take any part in the decision.