(No. 7069. July 9, 1943.)

HORACE C. HORN and ROBERTA RIKER, Respondents, v. L. CORWIN CORNWALL and ENOS CORNWALL, Appellants.

[139 Pac. (2d) 757.]

Robert W. Peterson and Tom Felton for appellants.

Laurence E. Huff for respondents.

BUDGE, J.—On May 16, 1925, A. Mary Cornwall and Mason Cornwall, her son, made, executed and delivered for valuable consideration a promissory note for $1200 bearing interest at six and one-half percent to Josie McCune. At the same time and as part of the same transaction the said A. Mary Cornwall, only, in order to secure payment of said promissory note made, executed and delivered to Josie McCune a mortgage on certain real estate. The mortgage was duly recorded and prior to this action the note and mortgage had been duly assigned to Horace C. Horn and Roberta Riker who are now the lawful owners and holders thereof. A. Mary Cornwall paid the interest on the note annually to and including October 15, 1934. She died November 18, 1934 and her estate was probated in the Probate Court of Latah County. Mason, L. Corwin, Earl V., and Enos Cornwall, John E., Edgar W., and Dorothy Gibb were the heirs of A. Mary Cornwall. On November 6, 1938, Mason Cornwall died and his estate was duly probated in Latah County, his heirs, except himself, being the same as those of A. Mary Cornwall.

The estates of A. Mary Cornwall and Mason Cornwall were duly closed and settled, appellants and Earl V. Cornwall deriving title to the above mentioned real estate by virtue of the decree of distribution in the estates of A. Mary Cornwall and Mason Cornwall, and by virtue of a deed properly executed and recorded prior to the date of this action from John E., Edgar W., and Dorothy Gibb, in all of which instruments title was burdened by the lien of the mortgage given by A. Mary Cornwall to Josie McCune. No claim was ever filed by the holders of the Josie McCune mortgage in the estate of either A. Mary Cornwall or Mason Cornwall on account of the principal and interest of the note and mortgage.

Mason and Earl V. Cornwall each filed a petition for Letters of Administration of the estate of A. Mary Cornwall, and the court ordered that they be appointed joint

administrators, whereupon they and each of them qualified. On May 10, 1935, each resigned and they stipulated that Guy W. Wolfe be appointed administrator. On June 21, 1935, Guy W. Wolfe was appointed administrator, and duly qualified and acted as such during the remainder of the administration of the estate.

Administrator Wolfe made interest payments on said note, secured by said mortgage, from May 16, 1935, through and including May 16, 1939, filing accounts with the Probate Court on August 26, 1935, March 9, 1936, February 2, 1938, December 24, 1938 and his final account on February 16, 1940. His first account recited the Josie McCune note and mortgage and the interest due thereon and prayed the court for authority for the payment of said interest, which was duly ordered by the court. In all subsequent accounts, including his final account, Wolfe, administrator, recited as a valid obligation against the estate the McCune note and mortgage and payment of interest thereon, such payments being regularly approved by the court. Written acceptance of service of notice of settling of accounts was signed by L. Corwin, Mason and Earl V. Cornwall for the second and third accounts, and due notice as required by law was given to all heirs prior to the settlement of each and every account. The final decree of distribution recites *inter alia*:

"* * * all of the heirs of the deceased residing in Idaho being present in court and no objection in writing or otherwise being filed thereto, and it appearing that said account is correct it is ordered, adjudged, and decreed that said final accounting be, and the same is hereby allowed, approved and settled."

In said decree the real property described in the mortgage to Josie McCune was distributed to the heirs "* * * *subject to a mortgage of $1200.00 in the favor of Josie McCune.*" (Italics ours.)

Earl V. Cornwall instituted an action against L. Corwin, and Enos Cornwall for partition of the real estate described in the McCune mortgage, and as a part of his complaint alleged "* * * a copy of which mortgage has been marked Exhibit 'A' as is hereto annexed and made a part of this complaint as though fully set forth at this point." L. Corwin, and Enos Cornwall answered said complaint in partition and among other things affirmatively alleged: "That any pretended lien on the part of Josie McCune or

her heirs or assigns is barred by secs. 5-203, 5-216, 5-217, I.C.A."

Horace C. Horn and Roberta Riker, the owners and holders of the McCune note and mortgage, upon petition, were allowed to file a complaint in intervention in the above action for partition for foreclosure of the Josie McCune mortgage, naming Earl V., L. Corwin, and Enos Cornwall as defendants in intervention. Interveners expressly waived personal judgment against said defendants, restricting recovery on the note and mortgage to the real estate described therein in accordance with sec. 15-611, I.C.A. Earl V. Cornwall defaulted. L. Corwin and Enos Cornwall answered the complaint in intervention, for themselves only, and alleged affirmatively that the note and mortgage of interveners were barred by secs. 5-203, 5-216, and 5-217, I.C.A.

Briefly stated this action is here upon the issues framed upon the complaint in intervention and the answer thereto. The cause was tried before the court without a jury, findings of fact, conclusions of law and a decree foreclosing the mortgage were duly made and entered. The default of Earl V. Cornwall was regularly entered and decree upon his default was taken in connection with the decree of foreclosure. From the decree, defendants in intervention, L. Corwin and Enos Cornwall, have appealed.

Bearing in mind that the estates of A. Mary Cornwall and Mason Cornwall were duly and regularly probated; that a final decree of distribution was duly made and the estates closed prior to the filing of the complaint in intervention and the answer thereto; that each and every of the administrator's accounts, including the final account, set out and acknowledged as a liability or claim the McCune note and mortgage and the payment of interest thereon by order and approval of the Probate Court; that the real estate covered by the McCune mortgage was distributed to the heirs subject to the lien of said mortgage; that no appeal was taken by appellants from the decree of distribution and no objection made in the Probate Court to such decree, may appellants now attack the decree of the Probate Court on the ground that the note and mortgage were barred by the running of the statute of limitations?

The payment of interest was regular and authorized. First, under provisions of sec. 15-624, I.C.A., providing:

"If there be any debt of the decedent bearing interest, whether presented or not, the executor or administrator may, by order of the court, pay the amount then accumulated and unpaid, or any part thereof, at any time when there are sufficient funds properly applicable thereto, whether said claim be then due or not; and interest shall thereupon cease to accrue upon the amount so paid." (*In re Fulmer's Estate,* 203 Cal. 693, 265 P. 920; *Holland Bank v. Brockman,* 52 Ida. 324, 14 P. (2d) 521.)

Second, by reason of the order of the court and its approval of payment of interest. The question of whether or not the payments of interest were correctly ordered is not here for determination for the reason that the Probate Court, in its final decree distributing the estate, approved the report of the administrator, which report disclosed interest payments as having been made on the indebtedness covered by the mortgage in question, and no appeal was taken therefrom. We are not here interested in the question as to whether the Probate Court correctly decided the matter thus confronting him, but did he have jurisdiction to order the administrator to pay interest on the McCune note and likewise did he have jurisdiction to adjudge and decree that the real estate covered by the McCune mortgage be distributed to the heirs "subject to a mortgage of $1200.00 in the favor of Josie McCune." Or in other words, he had jurisdiction and power to commit error. If the Probate Court erred in this respect, the answer is that a remedy was available to appellants to have the judgment reviewed and the error corrected both by timely motion in the court where entered and by appeal. (*Luke v. Kettenbach,* 32 Ida. 191, 181 P. 705; *Baldwin v. Anderson,* 51 Ida. 614, 8 P. (2d) 461; *Miller v. Prout,* 32 Ida. 728, 187 P. 948.)

In *Connally v. Probate Court,* 25 Ida. 35, 136 P. 205, it is held:

"Said Probate Court having had jurisdiction of the probating of said estate with the power to determine who were the heirs of said Corbett, deceased, and who were entitled to succeed to his estate, and *what their respective interests were,* and having determined these matters, and having entered its decree of distribution therein, and the decree not having been appealed from within the time provided by law for an appeal, the decree becomes conclusive as to the rights of all heirs and claimants to said estate. (Italics ours.)

"In the probation and distribution of said estate, the notices required by statute having been given, said Probate Court acquired jurisdiction over all persons for the purpose of determining their rights to any portion of said estate; and every person who claimed any right or interest therein was required to appear and present his claim to said court for determination. (Syllabus.)

"The action of the court in probating an estate is equally conclusive (subject to reversal or modification on appeal) upon all parties, whether they appear and present their claims or not, and as conclusive as if they had presented their claims and the court had disallowed them. (Syllabus.)

"Probate proceedings in the settlement of estates are in the nature of proceedings *in rem,* and upon the statutory notices being given, all the world is charged with notice. (Syllabus.)

"Under the provisions of sec. 4831, Rev. Codes [now sec. 11-401, I.C.A., as amended in ch. 71, p. 125, S.L., 1935], the decree of a Probate Court in probate matters is made appealable. (Syllabus.)

"Under the provisions of sec. 20, art. 5, of the state constitution, District Courts are given original jurisdiction in all cases, both at law and in equity, and such appellate jurisdiction as may be conferred by law, and if the Probate Court errs in deciding probate matters, an appeal is provided to the District Court to correct such errors." (Syllabus.)

In *Short v. Thompson,* 56 Ida. 361, 55 P. (2d) 163, among other things it is held:

"The Probate Court is a constitutional court vested with *exclusive original* jurisdiction 'in all matters of probate, settlement of estates of deceased persons, and appointment of guardians'. * * *

"A court of general jurisdiction is one whose judgment is *conclusive,* until modified or reversed on direct attack, and which court is competent to decide on its own jurisdiction, and exercise it to a final judgment, without setting forth the evidence. The record of such a court is absolute verity. The Probate Court of this state, as far as its jurisdiction in regard to probate and guardian matters is concerned, is such a court.' "

The order of the Probate Court settling the final account of an executor, administrator or guardian is a

judgment in rem, final and conclusive against all the world after the time for appeal has expired. Probate courts are courts of record and have original jurisdiction in all matters of probate and judgments of such courts cannot be collaterally attacked. (*Short v. Thompson,* supra; *Clark v. Rossier,* 10 Ida. 348, 78 P. 358, 3 Ann. Cas. 231; *Connally v. Probate Court,* supra; *Jorgensen v. McAllister,* 34 Ida. 182, 202 P. 1059; *Daniels v. Isham,* 40 Ida. 614, 235 P. 902.) Sec. 15-1120, I.C.A., provides: "The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive against all persons * * * *."

■ We are not called upon and purposely refrain from expressing any opinion as to the correctness of the conclusion reached by the Probate Court touching the payment of interest. We simply hold that the decree, being appealable under sec. 11-401, I.C.A., and subject to a motion to set aside or modify said decree under provisions of sec. 5-905, I.C.A., and no appeal having been taken or motion made, the final decree of distribution became final and conclusive and binding upon all parties to the Probate Court proceedings, statutory notice having been duly given, all the world was charged with notice. Having reached the conclusion that the decree of final distribution of the Probate Court, in the absence of an appeal therefrom or a motion to set aside or modify the decree, became final and conclusive and not subject to collateral attack, it becomes unnecessary to consider other issues sought to be raised upon the appeal.

We therefore conclude that respondents were entitled to a decree foreclosing their mortgage and that the judgment of the trial court should be and the same hereby is affirmed.

Costs to respondents.

Holden, C.J., and Ailshie, Givens, and Dunlap, JJ., concur.