271 P.2d 819

**WOODLAND v. SPILLMAN et al.**

No. 8043.

Supreme Court of Idaho.

June 7, 1954.

Anderson & Anderson, Pocatello, for appellants.

Darwin D. Brown, Pocatello, for respondent.

TAYLOR, Justice.

The plaintiff, Andrew Woodland (respondent), and the defendants, Edna Spillman, LeRoy Woodland, and Margaret Jackson (appellants), are the surviving sons and daughters of Henry S. Woodland, deceased. Also surviving is the widow, Elizabeth Stanger Woodland. By his will, the decedent provided a life estate for his widow in certain farm lands in Bannock

County. By the terms of the will, the remainder was left to the parties hereto, with a proviso that since the testator was devising certain other real property to the plaintiff, defendants "are first to receive $2000.00 each, value in said real estate, and thereafter the balance is to be divided equally between" plaintiff and the three defendants. The will was probated, and on the 29th day of December, 1944, decree of distribution was rendered, decreeing the life estate to the widow as directed. As to the remainder, the decree provides:

"the * * * remainder of said real estate should be distributed in fee simple, as follows: To Andrew Woodland, 4,250/23,000 thereof; to Edna Spillman, 6,250/23,000 thereof; to LeRoy Woodland, 6,250/23,000 thereof; and to Margaret Jackson, 6,250/23,000 thereof."

In 1950 the state of Idaho purchased from the heirs and distributees a right of way for highway purposes across the land. Five separate deeds were made conveying the right of way to the state; one executed by each of the parties hereto and one by the widow. These deeds all describe the identical tract of land and each refers to the grantors therein as "co-owners". Except for this reference to co-owners, there is nothing in either of the deeds to limit the estate or interest conveyed. Payment for the right of way was made by Bannock County. One warrant was issued to the widow for what was determined to be her share, and the balance of the purchase price was divided equally between the three defendants and three warrants issued, one to each of them.

Plaintiff brought this action against the defendants for 4,250/23,000 of the balance, which had been paid to and received by them. In his complaint he alleges the heirship of the parties and the widow, and attached to the complaint a copy of the will. He also alleges the decree of distribution and set out the pertinent provisions thereof. The further allegations of the complaint are as follows:

"That on or about the 11th day of March, 1950, the parties hereto and Elizabeth Stanger Woodland did sell and transfer to the County of Bannock, State of Idaho, a certain right of way across the said described land for the sum of $5,352.00.

"That the widow's life estate share of the said sum $5,352.00 was determined in the amount of $1,530.14, and the remaining sum of $3,821.86 was divided among the said defendants.

"That by reason of the granting of said right of way, plaintiff's future interest has been decreased and depreciated to his damage in the sum of $706.21.

"That plaintiff has demanded of the said defendants the sum of $706.21,

but defendants have refused and still refused to pay the said sum, or any part thereof."

 Complaint states a simple cause of action in assumpsit for money had and received. Sections R5–605, R5–801, I.C.; Davidson Grocery Co. v. Johnston, 24 Idaho 336, 133 P. 929; Fox v. Cosgriff, 64 Idaho 448, 133 P.2d 930; Stone v. Bradshow, 64 Idaho 152, 128 P.2d 844; Addy v. Stewart, 69 Idaho 357, 207 P.2d 498; Constitution, Art. 5, § 1; 4 Am.Jur., Assumpsit, § 20; 7 C.J.S., Assumpsit, Action of, §§ 9, 12. We find no merit in appellants' assignment that it does not state a cause of action. Appellants also contend that by pleading and proving the will, "the plaintiff proved himself out of court." In support of this contention the appellants construe the will to require the payment in cash of $2,000, each, to them before the plaintiff would be entitled to participate in the estate devised. It is doubtful that the provision of the will quoted above would support that construction. However, we are not required to construe the will or consider any alleged variance between its terms and the decree of distribution. If the probate court, in its decree, misconstrued the will, the error was subject to correction by direct proceedings in that court, § R5–905, I.C., or on appeal to the district court. §§ 15–1307 and 17–201, I.C. The decree is conclusive as to the rights of the parties, and is not subject to collateral attack in this action. § 15–1307, I.C.; Moyes v. Moyes, 60 Idaho 601, 94 P.2d 782. Neither did the plaintiff, by pleading the will, bind himself to its terms or waive his right to rely upon the decree of distribution.

"The fact that the complaint contains the principal allegations on which the judgment of the probate court was based, does not change the cause of action or waive the estoppel of the judgment of the probate court on which the plaintiff predicates her case against the surety on the bond."' Short v. Thompson, 56 Idaho 361, at page 378, 55 P.2d 163, 170.

It appears on the face of the complaint that the plaintiff is relying upon the decree of distribution and is seeking the share of the estate distributed to him thereby. Defendants could not very well claim to have been misled by the fact that the will was attached to the complaint, and they make no showing that they were.

 Appellants also contend that the evidence is insufficient to show a joint liability on the part of defendants. Plaintiff's Exhibit H, being a certified copy of the minutes of the board of county commissioners for July 18, 1950, recites that defendant LeRoy Woodland appeared before the commissioners to protest the payment of the widow's share as proposed, and recites that checks were held up until the

widow "and heirs came to an understanding, which was reached at this time, and the following statement signed and ordered filed by the board." The agreement referred to is set out in the minutes as follows:

"Pocatello, Idaho

July 18, 1950

"Board of County Commissioners, Pocatello, Idaho.

"Gentlemen:

"We the undersigned, being the Widow and Heirs of the Henry S. Woodland estate, hereby agree to accept the checks as now made out by Bannock County for the purchase price of a Highway right of way, through the farm known as the Woodland Farm.

"Elizabeth Stanger Woodland
"Edna W. Spillman
"Margaret W. Jackson, by Edna
"LeRoy M. Woodland"

Thus, it is made to appear that the widow and the defendants agreed among themselves, without the concurrence of the plaintiff, upon a division of the purchase price of the right of way and from the terms used it may be inferred that they represented themselves as entitled to all of the purchase price because they do not limit their agreement to the share which they individually or collectively own.

Thus, they acted collectively and in concert and without the knowledge or consent of the plaintiff. So there is some basis, however weak it may be, to assert a joint liability. Moreover, neither by demurrer nor answer did the defendants urge the misjoinder of parties defendant, or the improper joinder of causes of action. Thus, the objection to the complaint on that ground was waived. §§ R5–607, R5–611, I.C.

Appellants also contend that the widow was a necessary party defendant. This objection was likewise waived for failure to raise the same by demurrer or answer. §§ R5–607, R5–611, I.C.; Stafford v. Field, 70 Idaho 331, 218 P.2d 338. Had the plaintiff disagreed with the agreement reached between the defendants and the widow as to what portion of the purchase price should be allocated to her for the detriment to her life estate, he could have joined her also as a party defendant. His failure to do so, and the fact that he seeks only his proportion of the amount reserved for the remaindermen, is an adoption by him of the agreement fixing the widow's share, and rendered it unnecessary to make her a party.

Lastly, appellants assert that the evidence is insufficient to support the verdict. Two contentions are made in this respect. First, that there is no evidence of

a tort committed against the plaintiff by the defendants, resulting in damage to the plaintiff. The theory here seems to be that, since the plaintiff alleges in paragraph five of his complaint that his future interest in the estate had been depreciated to his damage in the sum claimed, that he must prove a cause of action in tort. There is no merit in this contention. The variance between the pleading and proof, if any, is immaterial. §§ R5–901, R5–902, I.C.; Milwaukee Land Co. v. Bogle, 60 Idaho 451, 92 P.2d 1065; 7 C.J.S., Assumpsit, Action of, § 12. Second, that there is no proof that plaintiff has not received payment for his interest in the property sold, or that the defendants collected for more than the interests which they conveyed. The proof is that the defendants, together with the widow, collected the entire purchase price agreed upon for the property sold. This, together with the plaintiff's testimony that he did not receive any "check" for his interest, is sufficient to support the verdict and judgment as against both of appellants' contentions as to the sufficiency of the evidence.

The judgment is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, THOMAS and KEETON, JJ., concur.