394 P.2d 294

**Lena C. FRASIER, one of the legatees in the Will of John W. Frasier, deceased, Plaintiff-Appellant,**

v.

**Hal D. FRASIER and John W. Frasier, Jr., Executors of the Last Will and Testament of John W. Frasier, deceased, and Elsie Grossen (sometimes called Irene Grossen), a devisee and legatee under the Last Will and Testament of John W. Frasier, Deceased, Defendants-Respondents.**

No. 9290.

Supreme Court of Idaho.

July 24, 1964.

D. L. Carter, Weiser, Earl E. Reed, Nampa, for appellant.

James B. Donart, Weiser, for respondent.

SMITH, Justice.

Appellant, a devisee and legatee named in the will of John W. Frasier, deceased, seeks to set aside a district court order dismissing her appeal from a probate court decree of distribution in the matter of decedent's estate.

Decedent, sometimes referred to herein as Frasier, died testate in Washington County March 8, 1960. His survivors are appellant, his widow, and two sons and a daughter by a former marriage who are the respondents. Frasier's estate consisted of both separate and community property.

His will was admitted to probate in the Washington County probate court April 8, 1960, and respondents Hal D. Frasier and John W. Frasier, Jr., were appointed executors.

The controversy involved in this cause, although not germane to the precise issues raised on appeal, arose by virtue of alternative testamentary clauses contained in the will regarding appellant's inheritance thereunder. The will recites that certain devises and bequests to appellant, exceeding the value of her share of the community property, are conditioned upon her waiving her interest in the community property in order that all of Frasier's separate property and all of the community property be distributed in accordance with the terms of the will; but that her refusal to accept such provision of the will would work a revocation of all the devises and bequests made to her; that in such event she would be entitled only to her interest in the community property.

June 2, 1961, respondent executors filed a petition for distribution of Frasier's estate. Appellant had not acted under the alternative testamentary provisions of the will. The petition recited the alternative testamentary provisions and the effect upon distribution of the property in the event appellant filed the waiver, or failed to file the waiver; the petition prayed that the estate be distributed accordingly.

By order entered June 2, 1961, the probate court fixed June 8, 1961, as the day for hearing the petition and directed that five days' notice thereof be given by posting a copy of the notice at the courthouse and by mailing a copy, together with a copy of the petition for distribution, to appellant at Weiser, Idaho, at least five days before June 8, 1961. See I.C. § 15–1116. Copy of notice was posted, and a copy with a copy of the petition was mailed on June 2, 1961, as required by the order, and received by appellant on June 5th.

Appellant did not execute a waiver by or on June 8, 1961. On that date, after the hearing as noticed, the probate court entered a decree of distribution decreeing to appellant only her community interest in the community property. Appellant neither appealed from that decree of distribution, I. C. § 17–204, nor sought to have it set aside, I.C. § 5–905; I.R.C.P. 60(b).

In November, 1961, it was discovered that the decree of distribution entered June 8, 1961, did not with particularity describe Frasier's separate real property distributed to respondents under the residuary clause of the will. The residuary clause did recite, however, that all of decedent's property not specifically disposed of be distributed to respondents in equal shares. For the purpose of correcting this discrepancy in the original decree and to recite with particularity the decreed ownerships of Frasier's separate property, an amended decree of

distribution was entered November 24, 1961. That amended decree was identical with the orignal decree except for the insertion of three and one-half pages of legal description of Frasier's separate real property. There is nothing in the record to show that appellant was given notice of the proceedings held for the purpose of amending the decree of distribution.

January 20, 1962, appellant, through her attorneys, mailed to respondents' attorneys a notice of appeal from the amended decree of distribution entered November 24, 1961. The notice of appeal was addressed to "HAL D. FRASIER AND JOHN W. FRASIER, JR., ADMINISTRATORS OF THE ESTATE OF JOHN W. FRASIER, DECEASED." The original of the notice of appeal was filed in the probate court on January 22, 1962.

Respondents moved the district court to dismiss the appeal on three grounds: (1) that the notice of appeal was served upon respondents' attorneys and not upon respondent executors as allegedly required by I.C. § 17-204; (2) that the notice of appeal was addressed to respondent executors in their official capacity and not to respondent Elsie Grossen, respondents contending that the notice should also have been addressed to respondents individually since they are distributees under Frasier's will; and (3) that the appeal was not timely, in that, though the notice of appeal was filed within 60 days after the date of entry of the amended decree, it was not filed within 60 days after the date of entry of the original decree of distribution which, respondents contend, is the true and controlling decree.

On October 12, 1962, the district court entered its order dismissing appellant's appeal on the stated grounds that it had "no jurisdiction to hear the appeal because of insufficiency in the matter of notice of appeal and service thereof * * *"; and that statement, according to respondents, represents the issues for determination on appeal.

The first question to be answered is whether in interpreting I.C. § 17-204,[1]

1. "17-204. Manner of taking appeal.—An appeal from the probate court in probate matters is taken by filing with the clerk of the probate court in which the judgment or order appealed from is made or entered, a notice stating the appeal from the same, or some specific part thereof, and serving a similar notice upon the administrator, administratrix, executor or executrix (unless they be the appellants), and upon all other parties interested who appeared upon the motion or proceeding which the appellant desires to have reviewed, or upon their attorneys. The notice of appeal must be filed and served within sixty days after the order, decree or judgment is entered. The order of service is immaterial, but the appeal is ineffectual for any purpose unless within ten days after service of the notice of appeal an undertaking be filed, or a deposit of money be made with the clerk, as hereinafter provided, or the undertaking be waived by the adverse party in writing."

service upon respondents' attorneys and not upon respondent executors was sufficient to meet the requirements of the statute. Estate of Peterson, 38 Idaho 195, 220 P. 1086 (1923), cited by respondents, as authority for the proposition that the executors themselves must be served, is not in point.

Frasier's will contains a directive to the effect that the firm of Donart and Donart be employed as legal counsel in the probate of the will. It reads:

> "I hereby specifically direct my executors and each or either of them to employ the firm of Donart and Donart, Attorneys at Law, Weiser, Idaho, as their legal counsel in the probate of this my Last Will and Testament."

Respondents also concede that notice of the appeal was served upon and accepted by their attorneys of record.

Respondents interpret I.C. § 17–204 to require that notice of appeal must be served upon decedent's personal representative and that service upon his attorney of record is not sufficient. They concede that service upon the attorneys for "all other parties interested" would be sufficient. Appellant, on the other hand, contends that the phrase "or upon their attorneys" applies equally to all parties involved, i. e., decedent's personal representative, and all other interested parties who appear in the proceeding desired to be reviewed.

Webster's Third New International Dictionary (1961) defines the word "or" as follows:

> " * * * used as a function word to indicate (1) an alternative between different or unlike things, states or actions * * * (2) choice between alternative things, states, or courses * * *."

Black's Law Dictionary (4th ed. 1957) thus defines "or":

> "A disjunctive particle used to express an alternative or to give a choice of one among two or more things."

and 67 C.J.S., Or (1950) contains the language:

> "In its elementary sense, the word 'or' * * * in ordinary use and in its accurate and natural meaning, is a disjunctive particle * * *.

> "The word 'or' may be used to mark off and separate alternative ideas, and it may indicate one or the other of two or several persons, things, or situations, and not a combination of them. It often connects a series of words or propositions, presenting a choice of either * * *." Supra at 513, 515.

I.C. § 17–204, viewed in the light of the definitions of the word "or" and its general use in the English language, requires service upon both of two classifications of parties, as named in separate clauses, *or* in the

alternative upon another classification referred to in such section of the statute as "their attorneys" ; and when regarded in the light of the conjunctive and disjunctive particles of speech contained therein, its simple meaning is that notice of appeal must be served upon decedent's personal representative and upon other interested parties who appeared in the proceeding desired to be reviewed, or upon their attorneys. Such interpretation also conforms with the procedure required to be observed in appealing from the district court to the supreme court, I.C. § 13-202. Applicable case law also supports our conclusion in the premises. In In Re Bratcher's Estate, 76 N.D. 194, 34 N.W.2d 825, 829 (1948), the Supreme Court of North Dakota held that notices of appeal from the county court to the district court "may not be served upon attorneys of record but in order to confer jurisdiction upon the appellate court must be served upon the parties themselves" *in the absence* of a statutory provision for service upon the attorney.

In In Re Ashbrook's Estate, 110 N.W.2d 184 (N.D.1961), the North Dakota court had occasion again to discuss the statutes dealing with service of process in probate proceedings and its former decision in the Bratcher case, stating:

"At this point we pause to point out that the statute, permitting service upon an attorney of record in a probate proceeding in the county court, was amended after the decision of this court in the case of In re Bratcher's Estate, 76 N.D. 194, 34 N.W.2d 825. This decision, insofar as it pertains to the service of a notice of appeal upon the attorney of record, is no longer applicable. We conclude that service of a notice of appeal from the county to the district court may be served upon an attorney of record in the case and that such service shall be deemed service on the person represented by the attorney served." 110 N.W.2d at 189.

In In Re Unruh's Estate, 189 Kan. 39, 367 P.2d 52 (1961), the question before the Supreme Court of Kansas was whether proper notice of appeal had been given, from the proceedings in the probate court to the district court. The court held that service of notice of appeal upon the probate judge, for the adverse parties, was sufficient, and rejected appellants' argument that service upon the adverse parties was also necessary. The court stated:

"The perfection of an appeal from the probate court to the district court is a simple matter. The party making the appeal shall serve upon all adverse parties or their attorneys of record, or upon the probate judge for the adverse parties a written notice of appeal specifying the judgment or decision appealed from, and make proper proof of

service \* \* \*. It is not required that service be had upon all three to perfect the appeal; proper service upon any one of the three named is sufficient (In re Estate of Patterson, 185 Kan. 135, 136, 340 P.2d 369)." 367 P. 2d at 55.

In the Patterson case, cited by the court, the notice of appeal from the probate court proceedings was addressed to all adverse parties and to the probate judge for all adverse parties. Appellant's counsel served a copy of the notice of appeal upon the attorney of record for all adverse parties by registered mail and upon the probate judge who personally acknowledged service. Appellants, by proceedings in the district court, moved to dismiss the appeal claiming that the adverse parties should have been served, and that service upon their attorneys of record and the probate judge was not sufficient. The judgment of the district court dismissing the appeal was reversed on appeal, the supreme court stating that appellants' interpretation of the statute to mean, in effect, service upon everybody concerned with the probate proceeding was "too narrow." 340 P.2d at 372 (1959).

The decisions of our sister jurisdictions, to which we refer, lend support to our conclusion in the premises. Those decisions demonstrate that notice of appeal served upon an attorney of record is sufficient to constitute notice upon the parties whom the attorney represents where the notice is received and accepted for that purpose; I.C. § 17–204 contains nothing to suggest that, in addition, service of the notice must be personal; hence the district court erred in dismissing the appeal on the ground "of insufficiency in the matter of notice of appeal and service thereof."

As heretofore stated, appellant appealed from the amended decree of distribution, entered November 24, 1961, rather than from the original decree filed June 8, 1961. Respondents argue that the original decree determined all existent rights of the parties and that it is the true and controlling decree; that "The Amended Decree took nothing or gave nothing more or less to either the appellant or the respondents" but "merely clarified the record." Appellant contends that since respondents thought it necessary to amend the decree, "the right of appeal should remain open; for once a Decree is opened it is opened for all purposes."

Appellant not only did not appeal from the original decree entered June 8, 1961, but made no attempt to have that decree set aside or amended within six months from the date of its entry, because of mistake, inadvertence, surprise or excusable neglect. I.C. § 5–905. Appellant's claim for relief is not before us from any proceeding she initiated, but on appeal from a proceeding initiated by respondents for

their benefit, i. e., to describe with particularity the decreed ownership of Frasier's separate property.

The decree of distribution entered on June 8, 1961, was appealable within sixty days from the time of its entry, I.C. §§ 17–201, 17–204. It also was subject to being set aside or modified within six months of the date of its entry, by timely action under I.C. § 5–905, supra. No appeal having been taken or motion made within those time limits the decree entered on that date became a judgment, final and conclusive upon the parties to the probate court proceedings after time for appeal had expired, as to all provisions thereof not changed by the amended decree. In Re Lundy's Estate, 79 Idaho 185, 312 P.2d 1028 (1957); Woodland v. Spillman, 75 Idaho 286, 271 P.2d 819 (1954); Horn v. Cornwall, 65 Idaho 115, 139 P.2d 757 (1943); Moyes v. Moyes, 60 Idaho 601, 94 P.2d 782 (1939); Short v. Thompson, 56 Idaho 361, 55 P.2d 163 (1936).

Appellant contends that once a decree of distribution is reopened for purpose of amendment it is reopened for all purposes. Respondents did not seek to set aside or vacate the original decree entered June 8, 1961, but merely to amend it in order more clearly to describe certain of Frasier's decreed separate real property. See 34 C.J.S. Executors and Administrators § 528 (1942).

In McElroy v. Whitney, 24 Idaho 210, 133 P. 118 (1913), a probate court judgment was rendered May 1, 1912, in favor of McElroy as administrator of the John G. Whitney estate and against Whitney as administratrix of the W. G. Whitney estate. No appeal was taken from this judgment. October 26, 1912, McElroy moved the probate court to amend the judgment by adding thereto the words "And that said judgment be paid in due course of administration of the said estate of W. G. Whitney, deceased." Notice of such motion was served upon Whitney's counsel. A hearing was held and the motion granted by the probate court. Whitney appealed December 21, 1912, from the amended decree. On appeal, this Court held that Whitney should have appealed from the judgment entered May 1, 1912, since the amendment to that judgment, entered October 26, 1912, was merely for the purpose of "correction" and did not involve substantive matters not already determined by the original judgment. The Court stated:

"The judgment entered on May 1, 1912, was the final judgment in this action, and the amendment merely a correction, which was in fact not necessary to make the judgment conform to said provisions of the statute [referring to Rev.Code § 5474]. In other words, the amendment in no manner changed the judgment or its effect, and

it was not made for the purpose of changing or revising said judgment. The court on said motion simply incorporated the words of the statute, which were in fact a part of the judgment without such incorporation." 24 Idaho at 214, 133 P. at 119.

In Annot., 120 A.L.R. 630 (1939), the following statement appears:

"The better practice undoubtedly is for the decree of distribution specifically to describe the property or property interests intended to be covered thereby, and to designate specifically the shares to which each distributee is entitled in such property so described.

"However, the courts have ordinarily declined on collateral attack to declare a decree of distribution void for uncertainty of description, merely because a particular parcel of land or interest therein, belonging to the estate, has not been described particularly, or has been described generally, through an omnibus clause—in such case taking the view that the omnibus clause was intended to cover the property not specifically described or omitted from the specific description of other property. [Citations.]"

A consideration of the aforesaid authorities leads to the conclusion that appellant's appeal from the amended decree, and not from the original decree, precluded the district court from obtaining jurisdiction over the matter. The term "abundance of caution" used by the Court in the McElroy case to describe McElroy's reason for wanting the original judgment amended, is equally applicable in the case at bar. Respondents, acting within their own discretion, believed it advisable that the original decree of distribution be amended so as to describe with greater particularity the decree ownership of Frasier's separate property, although the ownership of that property was conclusively determined by the original decree of distribution entered June 8, 1961. The correctness of that decree not having been tested by appeal, it became binding and conclusive upon all parties concerned.

The amendment of the decree of distribution, in order to describe certain distributed separate property with greater particularity, in no way affected respondents' respective interests in the property. The amendment neither increased nor diminished any one particular interest at the expense of another. More important, appellant's interest in or rights to her late husband's property also was in nowise affected by the amendment, by way of an amended description, *which dealt only with separate property distributed to respondents under the residuary clause in Frasier's will.* That residuary clause effectively disposed of all of Frasier's property, not otherwise par-

ticularly described, belonging to him at the time of his death. The decree of distribution, upon becoming final, conclusively vested in respondents Frasier's title to the property. Howe v. Brock, 86 Cal.App.2d 271, 194 P.2d 762 (1948); Prusa v. Beasley, 335 P.2d 346 (Okl.1958).

The judgment of dismissal of the district court is affirmed. Costs to respondents.

KNUDSON, C. J., and McQUADE, Mc-FADDEN and TAYLOR, JJ., concur.