**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40416**

| | |
|---|---|
| STATE OF IDAHO, )<br>)<br>Plaintiff-Respondent, )<br>)<br>v. )<br>)<br>BRYCE SCOTT MENDEL, )<br>)<br>Defendant-Appellant. )<br>) | **2014 Opinion No. 12**<br><br>**Filed: February 11, 2014**<br><br>**Stephen W. Kenyon, Clerk** |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge.

Judgment of conviction, <u>affirmed</u>.

Pitcher & Holdaway, PLLC, Logan, Utah, for appellant. Ryan L. Holdaway argued.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

LANSING, Judge

We are asked to determine whether the district court erred by denying Bryce Scott Mendel's motion to dismiss a charge of possession of a controlled substance. In that motion, Mendel argued that the chemical he possessed, known as AM-2201, was not a scheduled controlled substance at the time he possessed it. In the alternative, he argued that the statute is ambiguous and the rule of lenity should apply.

**I.**

**BACKGROUND**

Mendel was the owner and operator of "Incense Delivery," a business which sold a plant substance containing a chemical known as AM-2201. The State contends that this substance was a form of "spice," a generic name for plant substances that are covered in a psychoactive chemical and sold for the purpose of being smoked. After officers engaged in a controlled buy and tested the substance Mendel was selling, Mendel was charged with a single count of

1

possessing a schedule I, nonnarcotic drug with the intent to deliver, I.C. § 37-2732(a)(1)(B). At both the preliminary hearing and in a motion to dismiss, Mendel argued that AM-2201 was not a controlled substance.

Before the State responded or the district court ruled on Mendel's motion to dismiss, the State and Mendel stipulated to holding Mendel's motion in abeyance because the same issues were being litigated in another case where the defendant was charged with possession of AM-2201, *State v. Alley*, Ada County Case No. CR-FE-2011-0115482. Mendel and Alley were represented by the same attorney, and that attorney intended to use the same witnesses and evidence in both cases. It appears that the parties also stipulated to permit the district court in Mendel's case to render its ruling based upon the evidence in the *Alley* record. After the district court in the *Alley* case rejected Alley's arguments and denied his motion to dismiss the charge, Mendel entered a conditional guilty plea. In his plea agreement, he preserved the right to "withdraw his guilty plea in the event that an Idaho appellate court determines that AM-2201 is not a schedule 1 controlled substance." After Mendel pled guilty, after he was sentenced, and after the judgment of conviction was entered, the district court denied his motion to dismiss.[1] Mendel argues that this denial was error because AM-2201 was not a controlled substance at the time he possessed it. In the alternative, he contends that the statute in question was ambiguous, requiring that the statute be interpreted in favor of the defendant.

## II.

## ANALYSIS

On appeal, Mendel and Alley are again represented by the same counsel and have presented similar arguments. The parties to this appeal stipulated that the transcript of the evidentiary hearing in the *Alley* case should be considered by this Court in this case. Although the issues on appeal in this case are framed slightly differently from those presented in the *Alley* appeal, our decision in *Alley* required us to reach all of the claims of error set forth by Mendel in the this appeal. Accordingly, our opinion issued today in *State v. Alley*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Feb. 11, 2014), has addressed each of Mendel's claims of error.

---

[1] The timing irregularities and propriety of the condition set forth in Mendel's guilty plea were not raised as claims of error on appeal.

In the *Alley* opinion, we held that the district court did not err by denying Alley's motion to dismiss the charge. For the same reasons expressed in *Alley*, we hold that Mendel's challenges to the district court's denial of Mendel's dismissal motion are without merit. Therefore, Mendel's judgment of conviction is affirmed.

Judge MELANSON **CONCURS.**

Judge GRATTON, **SPECIALLY CONCURRING**

I concur in the opinion of the Court, incorporating the opinion in *State v. Alley*, ___ Idaho ___, ___ P.3d ___ (Ct. App. Feb. 11, 2014), and write separately to set forth an additional analysis of the statute's applicability to the substance known as AM-2201. My focus is on the first clause of the statute (italicized) and the connector (in bold) which follows:

> (30) *Tetrahydrocannabinols or synthetic equivalents of the substances contained in the plant, or in the resinous extractives of Cannabis, sp.* **and/or** synthetic substances, derivatives, and their isomers with similar chemical structure such as the following:
> i. Tetrahydrocannabinols:
> . . . .
> ii. The following synthetic drugs:
> . . . .

Idaho Code § 37-2705(d)(30).

"Tetrahydrocannabinols." In *State v. Doe*, 149 Idaho 353, 355 n.1, 233 P.3d 1275, 1277 n.1. (2010) the Idaho Supreme Court noted that: "THC is an abbreviation for tetrahydrocannabinol, the active compound in marijuana." Thus, the first word of the statute subsection includes THC in marijuana. The subsection also identifies additional chemical structures included as "tetrahydrocannabinols" in I.C. § 37-2705(d)(30)(i). These chemical structures identified in I.C. § 37-2705(d)(30)(i) in no way modify the first word of the subsection, "tetrahydrocannabinols," which includes THC in marijuana, but are separately identified in addition as schedule I drugs. This is plain from the statute and the use of the connector "and/or" after the first clause.

"[O]r synthetic equivalents of the substances contained in the plant, or in the resinous extractives of Cannabis, sp." This clause clearly makes synthetic equivalents of the substances contained in marijuana[1] or its resinous extractives schedule I drugs. The subsection also identifies additional chemical structures included as "synthetic drugs" in I.C. § 37-

---

[1]    Mendel acknowledges that the reference to "plant" in the subsection refers to marijuana.

2705(d)(30)(ii). Just as set forth above with respect to tetrahydrocannabinols, these chemical structures identified in I.C. § 37-2705(d)(30)(ii) in no way modify the clause regarding "synthetic equivalents" of substances contained in marijuana, but are separately identified in addition as schedule I drugs. Again, this is plain from the statute and the use of the connector "and/or" after the clause.

Each word used in a statute is important and must be considered. It is well established that we are required to give effect to every word, clause, and sentence of a statute. *George W. Watkins Family v. Messenger*, 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). We may not construe a statute in a way which makes mere surplusage of provisions included therein. *Bradbury v. Idaho Judicial Council*, 149 Idaho 107, 116, 233 P.3d 38, 47 (2009). Thus, the "or" in "and/or" may not simply be ignored and read out of the statute.[2] To assert that the remainder of the subsection, and particularly I.C. § 37-2705(d)(30)(ii), modifies the first clause, including the phrase "synthetic equivalents" is to reject the plain meaning of "and/or." Further, to construe the statute as Mendel would have us would make a nullity of the first clause, including the connector which follows (as well as additional language thereafter), because he would limit that which is a schedule I drug under the subsection to only that which is specified in I.C. § 37-2705(d)(30)(i) and (ii). My reading of the statute is not only based upon its plain language, but gives effect to each word used.[3]

The question then becomes: Is AM-2201 a synthetic equivalent of substances contained in the plant or its resinous extractives? Or, more succinctly, is AM-2201 a synthetic equivalent of THC? We know, as Mendel acknowledges, that AM-2201 is a synthetic. The term "equivalent" is not defined in the statute. Due process requires that all be informed as to what is

---

[2]     The word "or" is "[a] disjunctive particle used to express an alternative or to give a choice of one among two or more things." *Frasier v. Frasier*, 87 Idaho 510, 514, 394 P.2d 294, 296 (1964) (quoting BLACK'S LAW DICTIONARY (4th ed. 1957)).

[3]     The *Alley* Court's discussion of the testimony provided by David Sincerbeaux seems to suggest that his focus, and perhaps that of others, in drafting the statute was on the identified chemical structures, which Mendel also argues is to the exclusion of effect of the substances. Whether that is true or not is entirely immaterial to our analysis of the statute because "[t]he asserted purpose for enacting the legislation cannot modify its plain meaning." *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 892-93, 265 P.3d 502, 505-06 (2011). We must follow the law as written. *Id*. at 895, 265 P.3d at 508.

4

prohibited and what is allowed in language persons of ordinary intelligence will understand. *State v. Kavajecz*, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003); *State v. Cobb*, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998). "Equivalent" is not a particularly technical term[4] and is easily understood by persons of ordinary intelligence. Black's Law Dictionary defines "equivalent" as "1. Equal in value, force, amount, effect, or significance. 2. Corresponding in effect or function; nearly equal; virtually identical." BLACK'S LAW DICTIONARY (9th ed. 2009).[5]

In *Alley*, the Court concluded that whether AM-2201 has a similar chemical structure to one of the example substances listed under the statute is a question of fact that could not be resolved in a pretrial motion to dismiss. Similarly, whether AM-2201 is a synthetic equivalent of substances (namely THC) contained in marijuana or its resinous extractives is a question of fact[6]

---

[4] The *Alley* Court concludes that the phrase "with similar chemical structure" does not render the statute void for vagueness. Citing *Omaechevarria v. Idaho*, 246 U.S. 343, 348 (1918), the *Alley* Court notes that the use of scientific or technical terms of art in a regulated field does not make a statute unconstitutional. From a vagueness point of view, I would daresay that a person of ordinary intelligence would understand what is or is not an equivalent of THC well before understanding what is or is not a similar chemical structure to THC.

[5] Similarly, Merriam-Webster's Collegiate Dictionary defines "equivalent" as "1. equal in force, amount or value; 2. like in signification or import; 3. corresponding or virtually identical especially in effect or function." MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (10th ed. 1994).

[6] I only note that AM-2201 patent information in the record states, in part:

Classical cannabinoids such as the marijuana derived cannabinoid $\Delta^9$-tetrahydrocannabinol, ($\Delta^9$-THC) produce their pharmacological effects via interaction with specific cannabinoid receptors in the body. So far, two cannabinoid receptors have been characterized: CB1, a central receptor found in the mammalian brain and peripheral tissues and CB2, a peripheral receptor found only in the peripheral tissues.

. . . .

There is considerable interest in developing cannabinoid analogs possessing high affinity for one of the CB1 or CB2 receptors and/or metabolic stability.

. . . .

Aminoalkylindoles have been found to act as agonists for the CB1 and CB2 receptors and occasionally as antagonists for the CB1 and CB2 receptors. The invention includes compounds selective for either the CB1 or CB2 receptors. Further, some of the compounds have agonistic or antagonistic properties.

that cannot be resolved in a pretrial motion to dismiss.  Thus, the district court did not err in denying Mendel's motion to dismiss because it was procedurally improper.