Judge GRATTON,
specially concurring.
I concur in the opinion of the Court, incorporating the opinion in State v. Alley, 155 Idaho 972, 318 P.3d 962, 2014 WL 521457 (Ct.App. Feb. 11, 2014), and write separately to set forth an additional analysis of the statute’s applicability to the substance known as AM-2201. My focus is on the first clause of the statute (italicized) and the connector (in bold) which follows:
(30) Tetrahydrocannabinols or synthetic equivalents of the substances contained in the plant, or in the resinous extractives of Cannabis, sp. and/or synthetic substances, derivatives, and their isomers with similar chemical structure such as the following:
i. Tetrahydrocannabinols:
ii. The following synthetic drugs:
Idaho Code § 37-2705(d)(30).
“Tetrahydrocannabinols.” In State v. Doe, 149 Idaho 353, 355 n. 1, 233 P.3d 1275, 1277 n. 1. (2010) the Idaho Supreme Court noted that: “THC is an abbreviation for tetrahydrocannabinol, the active compound in marijuana.” Thus, the first word of the statute subsection includes THC in marijuana. The subsection also identifies additional chemical structures included as “tetrahydroeannabinols” in I.C. § 37-2705(d)(30)(i). These chemical structures identified in I.C. § 37-2705(d)(30)(i) in no way modify the first word of the subsection, “tetrahydrocannabinols,” which includes THC in marijuana, but are separately identified in addition as schedule I drugs. This is plain from the statute and the use of the connector “and/or” after the first clause.
“[0]r synthetic equivalents of the substances contained in the plant, or in the resinous extractives of Cannabis, sp.” This clause clearly makes synthetic equivalents of the substances contained in marijuana[1] or its resinous extractives schedule I drugs. The subsection also identifies additional chemical structures included as “synthetic drugs” in I.C. § 37 — 2705(d)(30)(ii). Just as set forth above with respect to tetrahydrocannabinols, these chemical structures identified in I.C. § 37 — 2705(d) (3 0)(ii) in no way modify the clause regarding “synthetic equivalents” of substances contained in marijuana, but are separately identified in addition as schedule I drugs. Again, this is plain from the statute and the use of the connector “and/or” after the clause.
Each word used in a statute is important and must be considered. It is well established that we are required to give effect to every word, clause, and sentence of a statute. George W. Watkins Family v. Messenger, 118 Idaho 537, 540, 797 P.2d 1385, 1388 (1990). We may not construe a statute in a way which makes mere surplusage of provisions included therein. Bradbury v. Idaho Judicial Council, 149 Idaho 107, 116, 233 P.3d 38, 47 (2009). Thus, the “or” in “and/ or” may not simply be ignored and read out of the statute.[2] To assert that the remainder of the subsection, and particularly I.C. § 37- *986 2705(d)(30)(ii), modifies the first clause, including the phrase “synthetic equivalents” is to reject the plain meaning of “and/or.” Further, to construe the statute as Mendel would have us would make a nullity of the first clause, including the connector which follows (as well as additional language thereafter), because he would limit that which is a schedule I drug under the subsection to only that which is specified in I.C. § 37-2705(d)(30)(i) and (ii). My reading of the statute is not only based upon its plain language, but gives effect to each word used.[3]
The question then becomes: Is AM-2201 a synthetic equivalent of substances contained in the plant or its resinous extractives? Or, more succinctly, is AM-2201 a synthetic equivalent of THC? We know, as Mendel acknowledges, that AM-2201 is a synthetic. The term “equivalent” is not defined in the statute. Due process requires that all be informed as to what is prohibited and what is allowed in language persons of ordinary intelligence will understand. State v. Kavajecz, 139 Idaho 482, 486, 80 P.3d 1083, 1087 (2003); State v. Cobb, 132 Idaho 195, 197, 969 P.2d 244, 246 (1998). “Equivalent” is not a particularly technical term[4] and is easily understood by persons of ordinary intelligence. Black’s Law Dictionary defines “equivalent” as “1. Equal in value, force, amount, effect, or significance. 2. Corresponding in effect or function; nearly equal; virtually identical.” Black’s Law Dictionary (9th ed.2009).[5]
In Alley, the Court concluded that whether AM-2201 has a similar chemical structure to one of the example substances listed under the statute is a question of fact that could not be resolved in a pretrial motion to dismiss. Similarly, whether AM-2201 is a synthetic equivalent of substances (namely THC) contained in marijuana or its resinous extractives is a question of fact[6] that cannot be resolved in a pretrial motion to dismiss. Thus, the district court did not err in denying Mendel’s motion to dismiss because it was proeedurally improper.

. Mendel acknowledges that the reference to "plant” in the subsection refers to marijuana.

. The word "or” is “[a] disjunctive particle used to express an alternative or to give a choice of one among two or more things.” Frasier v. Frasier, 87 Idaho 510, 514, 394 P.2d 294, 296 (1964) (quoting Black’s Law Dictionary (4th ed.1957)).

. The Alley Court’s discussion of the testimony provided by David Sincerbeaux seems to suggest that his focus, and perhaps that of others, in drafting the statute was on the identified chemical structures, which Mendel also argues is to the exclusion of effect of the substances. Whether that is true or not is entirely immaterial to our analysis of the statute because "[t]he asserted purpose for enacting the legislation cannot modify its plain meaning.” Verska v. Saint Alphonsus Reg'l Med. Ctr., 151 Idaho 889, 892-93, 265 P.3d 502, 505-06 (2011). We must follow the law as written. Id. at 895, 265 P.3d at 508.

. The Alley Court concludes that the phrase "with similar chemical structure” does not render the statute void for vagueness. Citing Omaechevarria v. Idaho, 246 U.S. 343, 348, 38 S.Ct. 323, 325, 62 L.Ed. 763, 767-68 (1918), the Alley Court notes that the use of scientific or technical terms of art in a regulated field does not make a statute unconstitutional. From a vagueness point of view, I would daresay that a person of ordinary intelligence would understand what is or is not an equivalent of THC well before understanding what is or is not a similar chemical structure to THC.

. Similarly, Merriam-Webster’s Collegiate Dictionary defines "equivalent” as "1. equal in force, amount or value; 2. like in signification or import; 3. corresponding or virtually identical especially in effect or function.” Merriam-Webster’s Collegiate Dictionary (10th ed.1994).

.I only note that AM-2201 patent information in the record states, in part:
Classical cannabinoids such as the marijuana derived cannabinoid A9-tetrahydrocannabinol, (A9-THC) produce their pharmacological effects via interaction with specific cannabinoid receptors in the body. So far, two cannabinoid receptors have been characterized: CB1, a central receptor found in the mammalian brain and peripheral tissues and CB2, a peripheral receptor found only in the peripheral tissues.
There is considerable interest in developing cannabinoid analogs possessing high affinity for one of the CB1 or CB2 receptors and/or metabolic stability.
Aminoalkylindoles have been found to act as agonists for the CB1 and CB2 receptors and occasionally as antagonists for the CB1 and CB2 receptors. The invention includes compounds selective for either the CB1 or CB2 receptors. Further, some of the compounds have agonistic or antagonistic properties.